to Tristar free and clear of all previous liens and encumbrances as a matter of law and the SID's special assessment liens did not survive the transfer to Tristar. The SID did not meet its burden of showing it had an enforceable interest that entitled it to judgment, and the district court erred when it granted summary judgment in favor of the SID, entered orders accordingly, and denied Tristar's motion for summary judgment.

## CONCLUSION

The treasurer tax deeds issued to Tristar pursuant to § 77-1837 and in compliance with § 77-1801 et seq. passed title to Tristar free and clear of all previous liens and encumbrances, including the special assessment liens of the SID. The district court erred when it applied § 77-1902 from the judicial foreclosure statutes to this case involving the treasurer tax deed method and reached a contrary conclusion. We reverse the order of the district court granting summary judgment to the SID and denying Tristar's motion for summary judgment, and remand the cause with directions to enter judgment in favor of Tristar on the SID's complaint.

Reversed and remanded with directions.

---

State of Nebraska, appellee, v.
Thomas P. Merchant, appellant.
___ N.W.2d ___

Filed June 27, 2014.    No. S-13-903.

1. **Jury Instructions: Appeal and Error.** Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.
3. **Criminal Law: Directed Verdict.** In a criminal case, a court can direct a verdict only when there is a complete failure of evidence to establish an essential element of the crime charged or the evidence is so doubtful in character, lacking probative value, that a finding of guilt based on such evidence cannot be sustained.

4. **Directed Verdict.** If there is any evidence which will sustain a finding for the party against whom a motion for directed verdict is made, the case may not be decided as a matter of law, and a verdict may not be directed.

5. **Jury Instructions: Appeal and Error.** All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal.

6. **Jury Instructions: Proof: Appeal and Error.** The appellant has the burden to show that a questioned jury instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.

7. **Appeal and Error.** Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication.

8. **Actions: Appeal and Error.** The law-of-the-case doctrine operates to preclude a reconsideration of substantially similar, if not identical, issues at successive stages of the same suit or prosecution.

9. ____: ____. On appeal, the law-of-the-case doctrine is a rule of practice that operates to direct an appellate court's discretion, not to limit its power.

10. **Motor Vehicles: Licenses and Permits: Words and Phrases.** The definition of a motor vehicle dealer under Neb. Rev. Stat. § 60-1401.26 (Reissue 2010) entails three requirements. To be a motor vehicle dealer, a person must (1) not be a bona fide consumer; (2) be actively and regularly engaged in selling, leasing for a period of 30 or more days, or exchanging new or used motor vehicles; and (3) buy, sell, exchange, cause the sale of, or offer or attempt to sell new or used motor vehicles.

11. **Motor Vehicles: Licenses and Permits.** A person is subject to the licensure requirement of Neb. Rev. Stat. § 60-1403.01(1) (Reissue 2010) as a motor vehicle dealer only if all three requirements of Neb. Rev. Stat. § 60-1401.26 (Reissue 2010) are met.

12. **Jury Instructions: Appeal and Error.** A jury instruction that omits an element of the offense from the jury's determination is subject to harmless error review.

13. **Verdicts: Appeal and Error.** Harmless error review looks to the basis on which the trier of fact actually rested its verdict; the inquiry is not whether in a trial that occurred without the error a guilty verdict surely would have been rendered, but, rather, whether the actual guilty verdict rendered in the questioned trial was surely unattributable to the error.

14. **Criminal Law: Evidence: Double Jeopardy: New Trial: Appeal and Error.** Upon finding reversible error in a criminal trial, an appellate court must determine whether the total evidence admitted by the district court, erroneously or not, was sufficient to sustain a guilty verdict. If it was not, then double jeopardy forbids a remand for a new trial.

15. **Criminal Law: Convictions: Evidence: Appeal and Error.** When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in

the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

16. **Directed Verdict: Evidence.** A directed verdict is proper at the close of all the evidence only when reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, when an issue should be decided as a matter of law.

Appeal from the District Court for Lancaster County: Steven D. Burns, Judge. Reversed and remanded for a new trial.

Mark Porto, of Shamberg, Wolf, McDermott & Depue, for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

Thomas P. Merchant appeals his conviction, after a second trial, for acting as a motor vehicle dealer, auction dealer, motor vehicle salesperson, or dealer's agent without the required license under the Motor Vehicle Industry Regulation Act.[1] His first conviction was reversed by this court in *State v. Merchant* (*Merchant I*)[2] because of improperly admitted evidence. Merchant now contends that the jury instructions given at his second trial misstated the definition of motor vehicle dealer. We agree. In order to qualify as a motor vehicle dealer, a person must be actively and regularly engaged in one of the statutory enumerated acts.[3] But the instructions given at Merchant's second trial omitted this requirement from the elements of the offense. We reverse, and remand for a new trial.

---

[1] Neb. Rev. Stat. § 60-1401 et seq. (Reissue 2010).

[2] *State v. Merchant*, 285 Neb. 456, 827 N.W.2d 473 (2013).

[3] See § 60-1401.26.

## BACKGROUND

The facts surrounding the charges against Merchant are outlined in *Merchant I*. We briefly recite them here. Merchant undertook a series of transactions with Nebraska Auto Auction, Inc. (NAA), involving the sale and purchase of motor vehicles on June 1, 2011. NAA is an automobile auction company that facilitates sales and purchases between dealers. It holds a valid Nebraska auction license, and by law, only licensed dealers can participate in auctions held by NAA.

NAA requested a copy of Merchant's motor vehicle dealer's license, but he never provided a copy. NAA reported Merchant to the Nebraska Motor Vehicle Industry Licensing Board. After determining that he did not possess a dealer's license, the State charged him with being an unlicensed dealer.

After a jury trial, Merchant was convicted. He appealed, and we reversed his conviction and remanded the cause for a new trial due to the improper admission of expert testimony.

In analyzing Merchant's first trial, we also provided guidance as to the jury instructions given by the district court. We observed that the instructions correctly required the jury to determine that Merchant was not a bona fide consumer, but were incomplete for assuming that he was a motor vehicle dealer. Merchant's status as a motor vehicle dealer was an essential element of the offense that was required to be determined by the jury. We therefore instructed the district court to add an instruction charging the jury to determine whether "Merchant bought, sold, exchanged, caused the sale of, or offered or attempted to sell new or used motor vehicles on or around June 1, 2011."[4]

A second jury trial was held. The State presented evidence that NAA facilitated transactions for Merchant involving the sale and purchase of motor vehicles on two occasions in May and June 2011. Specifically, the State's evidence showed that on June 1, NAA facilitated transactions in which Merchant sold 10 or more vehicles and purchased 19 vehicles. The State further established Merchant's lack of a motor vehicle dealer's license. After the State rested, Merchant moved to

---

[4] *Merchant I, supra* note 2, 285 Neb. at 471, 827 N.W.2d at 485.

dismiss on the ground that the State had failed to prove a prima facie case.

In arguing that the State had failed to prove a prima facie case, Merchant cited to the definition of "[m]otor vehicle dealer" as provided by § 60-1401.26. That section defines a motor vehicle dealer as

> any person, other than a bona fide consumer, actively and regularly engaged in the act of selling, leasing for a period of thirty or more days, or exchanging new or used motor vehicles . . . who buys, sells, exchanges, causes the sale of, or offers or attempts to sell new or used motor vehicles.[5]

Because a motor vehicle dealer was defined as any person "actively and regularly engaged" in one of the enumerated acts, Merchant contended that there was insufficient evidence to prove such active and regular engagement.

The district court overruled Merchant's motion, finding that his status as a motor vehicle dealer was a question of fact for the jury and that the State had presented sufficient evidence to submit the issue. The court then conducted the jury instruction conference. The court's jury instruction No. 3 as to the elements of the offense provided, in pertinent part:

> Regarding the crime of Unlawful Sale or Purchase of Motor Vehicle, the State must prove beyond a reasonable doubt that:
>
> 1. . . . Merchant bought, sold, exchanged, caused the sale of, or offered or attempted to sell new or used motor vehicle; and
>
> 2. On the day he sold or purchased a motor vehicle described in paragraph 1, . . . Merchant did not possess a valid Nebraska Motor Vehicle Dealer's license, Motor Vehicle Auction Dealer license, Motor Vehicle Salesperson license, or Motor Vehicle Dealer's Agent license, and
>
> 3. Any one of the following:
>
> a. . . . Merchant did not acquire the vehicle he sold or purchased for use in business or for pleasure purposes, or

---

[5] § 60-1401.26.

b. the motor vehicle sold was not titled in . . . Merchant's name, or

c. the motor vehicle sold was not registered to . . . Merchant in accordance with the laws of his resident state, or

d. . . . Merchant sold more than eight registered motor vehicles within a twelve month period;

and

4. . . . Merchant did so on or about June 1, 2011, in Lancaster County, Nebraska.

When given the opportunity to object to the above instruction, Merchant requested that the district court give his proposed instructions. The court declined to do so.

The jury returned a verdict finding Merchant guilty of the unlawful sale or purchase of a motor vehicle. He was found to be a habitual criminal and sentenced to imprisonment for a minimum term of 12 years and a maximum term of 26 years. Merchant timely appeals.

### ASSIGNMENTS OF ERROR

Merchant assigns that the district court erred in (1) utilizing instruction No. 3, rather than his proposed instructions, and (2) overruling his motion for directed verdict.

### STANDARD OF REVIEW

[1,2] Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.[6] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[7]

[3,4] In a criminal case, a court can direct a verdict only when there is a complete failure of evidence to establish an essential element of the crime charged or the evidence is so doubtful in character, lacking probative value, that a finding

---

[6] *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013).

[7] *State v. Rodriguez-Torres*, 275 Neb. 363, 746 N.W.2d 686 (2008).

of guilt based on such evidence cannot be sustained.[8] If there is any evidence which will sustain a finding for the party against whom a motion for directed verdict is made, the case may not be decided as a matter of law, and a verdict may not be directed.[9]

## ANALYSIS

Before addressing the merits of Merchant's assignments of error, we first review the licensure requirements under the Motor Vehicle Industry Regulation Act. Section 60-1403.01(1) provides that "[n]o person shall engage in the business as, serve in the capacity of, or act as a motor vehicle . . . dealer, salesperson, auction dealer, [or] dealer's agent . . . in this state without being licensed by the board under the Motor Vehicle Industry Regulation Act."

The State charged Merchant under § 60-1416, which states that "[a]ny person acting as a motor vehicle dealer, . . . auction dealer, motor vehicle . . . salesperson, [or] dealer's agent . . . without having first obtained the license provided in section 60-1406 is guilty of a Class IV felony . . . ."

The act provides definitions of the above persons subject to the licensure requirement. The most significant to this appeal is the definition of motor vehicle dealer, which has been provided above. But it is relevant to note that a bona fide consumer is expressly excluded from the definition of motor vehicle dealer.[10] Section 60-1401.07 defines a bona fide consumer as

> an owner of a motor vehicle . . . who has acquired such vehicle for use in business or for pleasure purposes, who has been granted a certificate of title on such motor vehicle, . . . and who has registered such motor vehicle . . . all in accordance with the laws of the residence of the owner, except that no owner who sells more than eight registered motor vehicles . . . within a twelve-month period shall qualify as a bona fide consumer.

---

[8] *State v. Eagle Bull*, 285 Neb. 369, 827 N.W.2d 466 (2013).

[9] *Id*.

[10] See § 60-1401.26.

Three other definitions of persons subject to the licensure requirement are also pertinent to our analysis. Because this appeal does not involve motorcycles or trailers, we omit portions of the definitions pertaining to those items. Similarly, we omit language addressing multiple dealerships. Section 60-1401.11 defines "[d]ealer's agent" as "a person who acts as a buying agent for one or more motor vehicle dealers . . . ." Section 60-1401.05 defines "[a]uction dealer" as "any person engaged in the business of conducting an auction for the sale of motor vehicles . . . ." And § 60-1401.27 defines "[m]otor vehicle . . . salesperson" as "any person who, for a salary, commission, or compensation of any kind, is employed directly by [a] licensed Nebraska motor vehicle dealer . . . to sell, purchase, or exchange or to negotiate for the sale, purchase, or exchange of motor vehicles . . . ."

Having reviewed the applicable law, we now turn to Merchant's first assignment of error regarding instruction No. 3.

### Instruction No. 3

[5,6] We first recall governing principles of law relating to a claim of erroneous jury instructions. We have stated that all the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal.[11] And the appellant has the burden to show that a questioned jury instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.[12]

As noted above, in *Merchant I*, we found the instructions given at Merchant's first trial to be incomplete. In order to find Merchant guilty, the instructions correctly required the jury to determine that he was not a bona fide consumer, but assumed that he qualified as a motor vehicle dealer. We therefore directed the district court to add an instruction charging the

---

[11] *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013).

[12] *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013).

jury to determine whether "Merchant bought, sold, exchanged, caused the sale of, or offered or attempted to sell new or used motor vehicles on or around June 1, 2011."[13]

In the present appeal, Merchant contends that we erred in our analysis of the jury instructions in *Merchant I*. He argues that the instruction we directed the district court to utilize at his second trial (which was incorporated into instruction No. 3) misstated the statutory definition of motor vehicle dealer by failing to require that he be actively and regularly engaged in one of the enumerated acts. Thus, he claims that instruction No. 3 caused him prejudice by omitting a material element of the offense.

[7,8] But we must first address the State's argument that Merchant is barred from challenging instruction No. 3. Although not expressly acknowledged, the State implicitly relies upon the law-of-the-case doctrine for its argument. Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication.[14] The law-of-the-case doctrine operates to preclude a reconsideration of substantially similar, if not identical, issues at successive stages of the same suit or prosecution.[15]

Merchant failed to move for rehearing from our analysis of the jury instructions in *Merchant I*. Consequently, upon remand, our findings as to the jury instructions became the law of the case and conclusively settled the issue for purposes of all subsequent stages of the prosecution. Thus, under the doctrine, the district court lacked the ability to deviate from our findings at Merchant's second trial and was required to incorporate the instruction we provided in *Merchant I*, notwithstanding any claim of error that Merchant might raise.[16]

---

[13] *Merchant I, supra* note 2, 285 Neb. at 471, 827 N.W.2d at 485.

[14] *State v. Davlin*, 272 Neb. 139, 719 N.W.2d 243 (2006).

[15] *Id*.

[16] See *State v. White*, 257 Neb. 943, 601 N.W.2d 731 (1999).

[9] We, however, are not so bound. On appeal, the law-of-the-case doctrine is a rule of practice that operates to direct an appellate court's discretion, not to limit its power.[17] And we have recognized that the doctrine does not apply if considerations of substantial justice suggest a reexamination of the issue is warranted.[18] Considerations of substantial justice are present in this case.

[10,11] We agree that we erred in our analysis of the jury instructions in *Merchant I*. The instruction we directed the district court to incorporate into instruction No. 3 misstated the statutory definition of motor vehicle dealer. The instruction we provided omitted the "actively and regularly engaged" requirement of § 60-1401.26. Under that section, the definition of motor vehicle dealer entails three requirements. To be a motor vehicle dealer, a person must (1) not be a bona fide consumer; (2) be actively and regularly engaged in selling, leasing for a period of 30 or more days, or exchanging new or used motor vehicles; and (3) buy, sell, exchange, cause the sale of, or offer or attempt to sell new or used motor vehicles.[19] A person is subject to the licensure requirement of § 60-1403.01(1) as a motor vehicle dealer only if all three of these requirements are met.

Because Instruction No. 3 failed to charge the jury to determine whether Merchant was "actively and regularly engaged" in one of the acts enumerated by § 60-1401.26, it omitted a material element of the offense from the jury's determination. Such instructional error necessarily implicates considerations of substantial justice, because it violates a defendant's Sixth Amendment guarantee to trial by jury.[20]

[12] But the omission of an element of the offense from the jury's determination is not a constitutional violation requiring

---

[17] *Money v. Tyrrell Flowers*, 275 Neb. 602, 748 N.W.2d 49 (2008).

[18] See *id*.

[19] See § 60-1401.26.

[20] See, *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999); *State v. Ryan*, 249 Neb. 218, 543 N.W.2d 128 (1996), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

automatic reversal. Such error is not structural—so affecting the framework within which the trial proceeds that it affects the entire trial process and renders it fundamentally unfair.[21] Rather, an instruction that omits an element of the offense from the jury's determination is subject to harmless error review.[22]

[13] We have stated that harmless error review looks to the basis on which the trier of fact actually rested its verdict; the inquiry is not whether in a trial that occurred without the error a guilty verdict surely would have been rendered, but, rather, whether the actual guilty verdict rendered in the questioned trial was surely unattributable to the error.[23] Where a court cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error, it should not find the error harmless.[24]

We do not find that the instructional error was harmless in this case. That is, we cannot say beyond a reasonable doubt that the jury would still have found Merchant guilty had it been required to find that he was "actively and regularly engaged" in one of the statutory enumerated acts. At Merchant's second trial, the State presented evidence that he undertook transactions with NAA involving the sale and purchase of motor vehicles on two separate occasions. Although one of these occasions involved the sale and purchase of a significant number of motor vehicles, we are unable to conclude beyond a reasonable doubt that the jury would have found such transactions to constitute active and regular engagement.

[14,15] Because the omission of the active and regular engagement requirement from instruction No. 3 was not harmless, it warrants reversal and remand for a new trial. But Merchant argues that retrial is prohibited by the Double Jeopardy Clause. With one minor exception, we disagree. Upon finding reversible error in a criminal trial, an appellate court

---

[21] See *Neder, supra* note 20.

[22] See, *id*.; *State v. Abram*, 284 Neb. 55, 815 N.W.2d 897 (2012).

[23] *Abram, supra* note 22.

[24] See *Neder, supra* note 20.

must determine whether the total evidence admitted by the district court, erroneously or not, was sufficient to sustain a guilty verdict.[25] If it was not, then double jeopardy forbids a remand for a new trial.[26] When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[27]

Although we acknowledge that this is a close case, when viewed in the light most favorable to the prosecution, we find that the total evidence admitted by the district court was sufficient to sustain a guilty verdict. The evidence received at Merchant's second trial established that he undertook transactions with NAA involving the sale and purchase of motor vehicles on two separate occasions within a 2-month period. And the June 1, 2011, transaction involved the sale of approximately 10 vehicles and the purchase of 19 more. In our view, this evidence was sufficient for a jury to conclude that Merchant was actively and regularly engaged in the acts of selling or exchanging new or used motor vehicles. Further, this evidence established that Merchant was not a bona fide consumer, because he sold more than eight motor vehicles within a 12-month period.[28] And because the State proved that Merchant bought and sold motor vehicles without any of the licenses set out in § 60-1406, there was sufficient evidence from which the jury could find all of the elements of acting as a motor vehicle dealer, motor vehicle salesperson, or dealer's agent without a license.

However, there was no evidence that Merchant was "engaged in the business of conducting an auction for the sale of motor vehicles."[29] The evidence showed that Merchant sold and

---

[25] *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011).

[26] *Id*.

[27] *State v. Nero*, 281 Neb. 680, 798 N.W.2d 597 (2011).

[28] See § 60-1401.07.

[29] § 60-1401.05 (defining "[a]uction dealer").

purchased vehicles through an auction dealer, but not that he
was engaged in the business of conducting an auction. Thus,
upon remand, he cannot be retried for acting as an auction
dealer. This does not affect the other three alternatives for vio-
lation of § 60-1416, namely, acting as a motor vehicle dealer,
motor vehicle salesperson, or dealer's agent.

Based upon our above analysis, we reverse the judgment
of conviction and remand the cause for a new trial. In doing
so, we wish to make clear that this decision is based upon
our own error in *Merchant I*. The district court did nothing
but faithfully follow our direction in instructing the jury at
Merchant's second trial. Upon retrial, the district court should
craft an instruction charging the jury to determine whether
Merchant acted as a motor vehicle dealer, motor vehicle
salesperson, or dealer's agent without having first obtained
the required license at the time he undertook the transactions
with NAA.

Characterizing the offense as an unlawful sale or purchase
of a motor vehicle is likely to cause confusion and render
the instructions unintelligible, because reference would be
required to a complicated series of statutes. Instead, the offense
could be described as acting as a motor vehicle dealer, motor
vehicle salesperson, or dealer's agent without a license. The
State chose to charge Merchant with a single offense that can
be committed in more than one way. It may be feasible for
the trial judge to craft an elements instruction that begins by
charging the jury to determine whether Merchant acted (1) as
a motor vehicle dealer, motor vehicle salesperson, or dealer's
agent; (2) without the appropriate license; (3) on or about June
1, 2011, in Lancaster County. The elements instruction could
then charge the jury on the statutory elements that the State
must prove beyond a reasonable doubt to show that Merchant
acted, respectively, as a motor vehicle dealer, motor vehicle
salesperson, or dealer's agent. But the instructions must be
tailored to the evidence at the new trial. And they could vary
depending upon which one or more of the three ways of com-
mitting the offense could be supported by the evidence. We
decline to tie the hands of the trial judge in crafting an appro-
priate set of instructions.

## Directed Verdict

[16] Merchant contends that the district court erred in overruling his motion for directed verdict. Although the record does not show that Merchant ever moved for a directed verdict, he moved to dismiss after the close of the State's case in chief. And we have stated that a motion to dismiss for failure to prove a prima facie case should be treated as a motion for a directed verdict.[30] A directed verdict is proper at the close of all the evidence only when reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, when an issue should be decided as a matter of law.[31] And in reviewing a criminal conviction, we view the evidence in the light most favorable to the State.[32]

Merchant argues that the evidence presented at his second trial was insufficient to establish that he was "actively and regularly engaged" in one of the acts enumerated by § 60-1401.26. Based upon our above analysis, we disagree. As we have already noted, although this is a close case, we view the evidence of the transactions Merchant undertook with NAA as being sufficient to support a finding that he was actively and regularly engaged in the acts of selling or exchanging new or used motor vehicles. Because Merchant limited his argument to the definition of a motor vehicle dealer, we do not address the motion insofar as it was addressed to the alternatives of acting as a motor vehicle salesperson or a dealer's agent. This assignment of error is without merit.

## CONCLUSION

Although we analyzed the jury instructions in this case in *Merchant I*, we erred in instructing the district court as to the statutory definition of motor vehicle dealer. Our error resulted in a material element of the offense being omitted from the jury's determination and caused Merchant prejudice. We reverse Merchant's conviction for acting as a motor vehicle

---

[30] See *State v. Jonusas*, 269 Neb. 644, 694 N.W.2d 651 (2005).

[31] *Id*.

[32] See *State v. Pierce*, 248 Neb. 536, 537 N.W.2d 323 (1995).

dealer, motor vehicle salesperson, dealer's agent, or auction dealer without the required license and remand the cause for a new trial. Because there was no evidence to show that Merchant was acting as an auction dealer, he cannot be retried on that alternative means of committing the offense. Thus, the new trial must be limited to the other three alternatives for which Merchant was charged.

REVERSED AND REMANDED FOR A NEW TRIAL.

---

GARY M. LENZ, APPELLEE, V. CENTRAL PARKING SYSTEM
OF NEBRASKA, INC., AND NEW HAMPSHIRE
INSURANCE COMPANY, APPELLANTS.

___ N.W.2d ___

Filed June 27, 2014.    No. S-13-930.

1. **Workers' Compensation: Appeal and Error.** Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own decisions.
2. **Statutes.** Statutory interpretation presents a question of law.
3. **Workers' Compensation: Limitations of Actions.** Determining when the statute of limitations starts under Neb. Rev. Stat. § 48-137 (Reissue 2010) presents a question of law.
4. **Workers' Compensation: Appeal and Error.** A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.
5. **Statutes: Judicial Construction: Legislature: Presumptions: Intent.** When judicial interpretation of a statute has not evoked a legislative amendment, it is presumed that the Legislature has acquiesced in the court's interpretation.
6. **Workers' Compensation.** Disability as a basis for compensation under Neb. Rev. Stat. § 48-121(3) (Reissue 2010) is determined by the loss of use of a body member, not loss of earning power.
7. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

Appeal from the Workers' Compensation Court: THOMAS E. STINE, Judge. Affirmed.