IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. KELLEY


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

SARAH KELLEY, APPELLANT.


Filed November 5, 2019.    No. A-19-151.


Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Joseph D. Nigro, Lancaster County Public Defender, and Robert G. Hays for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.


PIRTLE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Sarah Kelley appeals the second restitution order entered by the district court for Lancaster County. The first restitution order was vacated by this court in *State v. Kelley*, No. A-17-500, 2018 WL 1611361 (Neb. App. April 3, 2018) (selected for posting to court website), and the cause was remanded for further proceedings. For the reasons explained below, we affirm.

## BACKGROUND

In March 2017, a jury convicted Kelley of theft by deception, over $1,500. She was sentenced to 4 to 6 years' imprisonment and ordered to pay $5,000 in restitution. She appealed her conviction and sentence to this court. We affirmed her conviction and term of incarceration, but found that the district court failed to meaningfully consider Kelley's ability to pay restitution. See *State v. Kelley, supra*. We therefore vacated the restitution order and remanded the cause to the

district court for further proceedings. See *id*. Kelley filed a petition for further review, which was denied by the Nebraska Supreme Court.

On remand, Kelley objected to a new restitution hearing and argued that a new hearing should not be held because the district court had failed to comply with Neb. Rev. Stat. § 29-2280 (Reissue 2016), in that the court had failed to order that the presentence investigation report include documentation regarding the nature and actual damages sustained by the victim prior to entering the initial restitution order. Kelley's position was that because the district court failed to request that such information be included in the presentence investigation report, it was prohibited from entering a restitution order, and that such defect could not be cured; she therefore argued that this court should have simply vacated the restitution order but not remanded the cause for further proceedings.

Despite Kelley's argument, the district court followed this court's directions on remand and held a restitution hearing. A witness was sworn and testified, and evidence was offered and received. Thereafter, the district court entered a written order requiring Kelley to pay $4,353.96 in restitution. Kelley timely appeals.

## ASSIGNMENTS OF ERROR

Kelley assigns that the district court erred in sentencing her to pay restitution.

## STANDARD OF REVIEW

An appellate court does not endeavor to reform the trial court's restitution order, but rather, reviews the record made in the trial court for compliance with the statutory factors which control restitution orders. *State v. Wells*, 257 Neb. 332, 598 N.W.2d 30 (1999).

## ANALYSIS

Kelley assigns that the district court erred in sentencing her to pay restitution. In the first appeal, this court recognized that in imposing restitution, Neb. Rev. Stat. § 29-2281 (Reissue 2016), provides that the amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record. *State v. Kelley, supra*. The factors the court is to consider include the defendant's earning ability, employment status, financial resources, and family or other legal obligations, and it is to balance such factors against the obligation to the victim. See, *id*.; *State v. Wells, supra*. Pursuant to § 29-2281, before restitution can be properly ordered, the trial court must consider (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying. *State v. Wells, supra*. We concluded the record did not indicate that the district court meaningfully considered the factors mandated by § 29-2281 and, therefore, vacated the order regarding restitution and remanded the matter to the district court for further proceedings consistent with our opinion and the statutory factors set forth in § 29-2281.

On remand, after holding an evidentiary hearing, the district court entered a written order which specifically addressed the statutorily required factors. The court found that restitution was appropriate in this case and outlined the evidence regarding the actual damages to the victim and

Kelley's ability to pay. The court also balanced Kelley's ability to pay against her obligation to the victim. Finally, the court determined that Kelley's bond could be applied to a restitution order. Based on the foregoing, we conclude that the district court followed this court's mandate and did not abuse its discretion in ordering Kelley to pay restitution.

To the extent Kelley argues that this court erred in remanding the cause for a new restitution hearing, we decline to address this argument. Despite the language of her assigned error, in her brief Kelley argues:

> Because the [d]istrict [c]ourt did not comply with the requirements of [§ 29-2280], remanding the case for further hearing could not result in compliance with the provisions of [Neb. Rev. Stat.] §§ 29-2280 through 2289. Accordingly, although the restitution order should have been vacated, it should not have been remanded for further hearing.

Brief for appellant at 6. Kelley acknowledges that she raised this issue in the first appeal but that it was not specifically addressed. We note that this argument was also raised in Kelley's petition for further review with the Supreme Court. And although Kelley raised this argument to the district court on remand, she recognizes that under the law-of-the-case doctrine, the district court was bound to follow this court's directions on remand, which required that the court hold a new restitution hearing.

The law-of-the-case doctrine reflects the principle that an issue litigated and decided in one stage of a case should not be relitigated at a later stage. *Bauermeister Deaver Ecol. v. Waste Mgmt. Co.*, 290 Neb. 899, 863 N.W.2d 131 (2015). Under this doctrine, an appellate court's holdings on issues presented to it conclusively settle all matters ruled upon, either expressly or by necessary implication. *Id*. The law-of-the-case doctrine operates to preclude a reconsideration of substantially similar, if not identical, issues at successive stages of the same suit or prosecution. *State v. Merchant*, 288 Neb. 439, 848 N.W.2d 630 (2014).

In *State v. Merchant, supra*, the Supreme Court considered the defendant's appeal from his conviction after a second trial; the Supreme Court reversed his first conviction, and, as relevant to the second appeal, directed the district court to add certain language to a jury instruction. In the second appeal, the defendant argued that the Supreme Court erred in its analysis of the jury instructions in the first appeal. The Supreme Court recognized the law-of-the-case doctrine and noted that the defendant had not moved for rehearing from the court's analysis of the jury instructions in the first appeal. Thus, on remand, the Supreme Court's findings as to the jury instructions became the law of the case and conclusively settled the issue for purposes of all subsequent stages of the prosecution. Accordingly, the district court lacked the ability to deviate from the Supreme Court's findings at the second trial and was required to incorporate into the jury instructions the language the Supreme Court provided in the first appeal, notwithstanding any claim of error the defendant might raise.

Likewise here, in Kelley's first appeal, we vacated the restitution order and remanded the cause to the district court for further proceedings. Kelley did not move for rehearing in this court, and thus, once her petition for further review was denied, our decision became final and binding on the district court. See *Waite v. Carpenter*, 3 Neb. App. 879, 533 N.W.2d 917 (1995) (when Supreme Court denied further review, this court's decision became final and binding on district

court). Therefore, on remand, the district court was required to hold further proceedings consistent with our directions. See *Bauermeister Deaver Ecol. v. Waste Mgmt. Co., supra* (upon remand, district court may not render judgment or take action apart from that which appellate court's mandate directs or permits).

However, the law-of-the-case doctrine is a rule of practice that operates to direct an appellate court's discretion, not to limit its power. *State v. Merchant, supra*. The doctrine does not apply if considerations of substantial justice suggest a reexamination of the issue is warranted. *Id*.

In *State v. Merchant, supra,* the Supreme Court found that it had erred in its jury instruction analysis in the first appeal and that the language it directed the trial court to include in its jury instructions omitted a material element of the offense from the jury's determination. The Supreme Court found that such instructional error necessarily implicated considerations of substantial justice because it violated a defendant's Sixth Amendment guarantee to trial by jury. Therefore, because the Supreme Court agreed that it had erred in the first appeal, and the error affected the defendant's constitutional right, the court exercised its discretion to reexamine the jury instruction issue in the second appeal.

Although Kelley cites the standard set forth in *Merchant*, she does not argue that considerations of substantial justice exist nor does she identify any that may be present here. In the absence of a particular argument explaining why this exception to the law-of-the-case doctrine applies, we decline to address it. See, e.g., *State v. Gales*, 269 Neb. 443, 463, 694 N.W.2d 124, 148 (2005) (declining to address claims where appellant's brief "offers little in the way of argument for [his] claims.")

## CONCLUSION

We conclude that the district court did not err in ordering Kelley to pay restitution. To the extent that Kelley also argues that the cause should not have previously been remanded for further proceedings, we decline to address that issue. We therefore affirm the order of the district court.

AFFIRMED.