STATE OF NEBRASKA, APPELLEE, V.
VYTAS A. JONUSAS, APPELLANT.

694 N.W.2d 651

Filed April 8, 2005.   No. S-04-762.

Lawrence G. Whelan for appellant.

Jon Bruning, Attorney General, and Kevin J. Slimp for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Vytas A. Jonusas was charged with theft by deception, in violation of Neb. Rev. Stat. § 28-512 (Reissue 1995). The Douglas County District Court convicted Jonusas of theft by unlawful taking or disposition pursuant to Neb. Rev. Stat. § 28-511(1) (Reissue 1995), and he appealed.

## SCOPE OF REVIEW

█ Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *State v. Pathod, ante* p. 155, 690 N.W.2d 784 (2005).

█ In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Delgado, ante* p. 141, 690 N.W.2d 787 (2005).

## FACTS

In early 1999, Michael Young and his wife became interested in purchasing a bar and grill in Elkhorn, Nebraska. Jonusas, who worked for Pinnacle Business Brokerage (Pinnacle), acted as the broker for the deal between the Youngs and the owner of the bar and grill. After certain negotiations, the Youngs wrote a check to Pinnacle for $5,000 as a downpayment. It was Michael Young's understanding that the money was to be held in escrow.

On June 1, 1999, the parties signed a purchase agreement stating that the purchase price was to be $70,000. The Youngs wrote Pinnacle a check for an additional $45,000 and agreed to sign a note on the remaining $20,000. The Youngs' payment of $50,000 was to be held in escrow by Pinnacle because the agreement was contingent upon the Youngs obtaining a liquor license. It was

agreed that the $50,000 would be returned in the event that their application was not approved.

The Youngs' liquor license application was prepared by an employee of Pinnacle's, who contacted Michael Young and asked him various questions, including whether he or his wife had any felony convictions. Michael Young responded that they did not. Jonusas accompanied the Youngs to Lincoln when they filed their application, and on the return trip, Michael Young mentioned that his wife could not drive. It then came to light that the Youngs had previous convictions for driving while under the influence. Jonusas told the Youngs they needed to report this information on their liquor license application. The Youngs sent in an amendment to their application, but the application was denied. They appealed this decision and were again denied. The Youngs never received a liquor license.

In October 1999, Michael Young requested the return of the $50,000. Jonusas ignored this request. Michael Young contacted Jonusas again in December and demanded the return of the money. Jonusas stated that he could not return it without a release from the seller or a court order. Following a court order directing the return of the money, Jonusas agreed to its return. In July 2000, Michael Young again spoke with Jonusas about the return of the money. During this conversation, Jonusas revealed that he had invested the money and lost it all. At the time of trial, the $50,000 had not been returned to the Youngs.

Jonusas was charged by information with theft by deception pursuant to § 28-512. He pleaded not guilty, and a bench trial was held.

A detective from the Omaha Police Department, who had been assigned to investigate the matter, testified that Jonusas claimed that the Youngs had lied to him and that he believed they had forfeited the $50,000 by trying to "cheat him." Jonusas admitted that he kept the money and never put it into an escrow account.

During the State's closing argument, the question arose whether it would be proper for the district court to find Jonusas guilty of theft by unlawful taking or disposition rather than theft by deception. In his closing argument, Jonusas' counsel argued that such a finding would be improper.

The district court found Jonusas guilty, stating:

[T]he Court just found you guilty . . . under [§] 28-511, Subsection 1, which is theft by unlawful conduct. Basically, what that statutes [sic] says is, if you take property of someone with the intent to withhold it then you're guilty of this, and what I found was . . . that you were to keep $50,000 in an escrow for this bar. That you did not follow the escrow agreement, but rather you put it at risk investing it. And as a result, by putting it at risk and also not returning that property to the lawful owner, you are guilty of theft by unlawful conduct.

While the court referred to § 28-511(1) as describing "theft by unlawful conduct," the statute actually refers to theft by unlawful taking or disposition.

At sentencing, the district court stated that Jonusas had been found guilty of "theft by deception." Jonusas' counsel did not object to the court's statement, and Jonusas was sentenced to 60 months' probation. At the conclusion of the probation, Jonusas was to serve 180 days in prison, unless the prison term was waived by the court. He was also ordered to pay restitution.

## ASSIGNMENTS OF ERROR

Jonusas argues that the district court erred in (1) failing to clearly state the crime of which he was convicted, (2) violating his constitutional right to a fair trial, (3) finding sufficient evidence to support a conviction of theft by deception, (4) finding sufficient evidence to support a conviction of theft by unlawful taking or disposition, and (5) overruling his motion for directed verdict.

## ANALYSIS

### CONSOLIDATION OF THEFT OFFENSES

Jonusas claims the district court erred in failing to clearly set forth the crime of which he was convicted. It is undisputed that Jonusas was charged with theft by deception, but at the conclusion of the trial, the court found Jonusas guilty of violating § 28-511(1), theft by unlawful taking or disposition.

The issue presented is whether a defendant may be charged with theft by one manner and subsequently convicted of theft by another manner. This is a question of law, which we analyze independently of the determination made by the trial court. When

dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004).

Neb. Rev. Stat. § 28-510 (Reissue 1995) provides:

> Conduct denominated theft in [§§] 28-509 to 28-518 constitutes a single offense embracing the separated offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and the like. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under [§§] 28-509 to 28-518, notwithstanding the specification of a different manner in the indictment or information, subject only to the power of the court to [e]nsure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.

Section 28-510 mirrors A.L.I., Model Penal Code and Commentaries § 223.1(1) (1980). The purpose of Model Penal Code § 223.1 is described in comment 1 at 133:

> The purpose of consolidation, therefore, is not to avoid the need to confront substantive difficulties in the definition of theft offenses. The appropriate objective is to avoid procedural problems. . . . The real problem arises from a defendant's claim that he did not misappropriate the property by the means alleged but in fact misappropriated the property by some other means and from the combination of such a claim with the procedural rule that a defendant who is charged with one offense cannot be convicted by proving another.

Section 28-510 has created a single offense of "theft" which may be committed by the violation of any one of the following sections. See, also, Model Penal Code and Commentaries, *supra*, comment 2(c). Neb. Rev. Stat. § 28-509 (Reissue 1995) defines the terms used in conjunction with the offense of theft. Neb. Rev. Stat. §§ 28-511 to 28-517 (Reissue 1995 & Cum. Supp. 2004) each set forth a different manner by which theft may be committed. Neb. Rev. Stat. § 28-518 (Reissue 1995) describes the grading of theft crimes. The consolidation statute, § 28-510, provides that the offense of theft may be supported by evidence that it was

committed via any manner described in §§ 28-509 to 28-517 regardless of the manner by which the information alleges the theft occurred. The defendant is thus foreclosed from defending on the basis that his conduct supported one type of theft but that he was charged with another. See Model Penal Code and Commentaries, *supra*.

Jonusas asserts that his being charged with theft by deception and being convicted of theft by unlawful taking or disposition was a violation of his due process rights. He claims he was not given notice that he was being tried for theft by unlawful taking or disposition when he was charged with theft by deception. We conclude that this argument is without merit.

A plain reading of § 28-510 reveals that the State may charge a defendant with theft by deception but obtain a conviction of theft by unlawful taking or disposition. The phrase "any manner that would be theft under [§§] 28-509 to 28-518" includes a conviction of theft by unlawful taking or disposition. See § 28-510.

In effect, § 28-510 has subsumed various forms of unlawful acquisitive behavior into a single offense of theft which may be committed by taking part in any one of several activities described in §§ 28-509 to 28-517. The unifying concept in all these crimes is that each involves the involuntary transfer of property. In each case, the actor appropriates the property of the victim without his or her consent or with a consent that was obtained by fraud or coercion. See Model Penal Code and Commentaries, *supra*, comment 2.

### PREJUDICE BY LACK OF FAIR NOTICE OR BY SURPRISE

In his assignments of error, Jonusas asserts he was prejudiced by lack of fair notice or by surprise. At Jonusas' trial, the first mention of the crime of theft by unlawful taking or disposition occurred during the State's closing argument. Jonusas' counsel was questioned by the district court regarding the possibility of a conviction of theft by unlawful taking or disposition. During this questioning, defense counsel could have requested the appropriate relief based on the circumstances presented if he believed that Jonusas was prejudiced by this possibility. The court has power to ensure a fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise. See § 28-510.

We conclude that Jonusas has not shown that he was prejudiced or surprised by the court's inquiry regarding a conviction of theft by unlawful taking or disposition. We also conclude that § 28-510 placed Jonusas on notice that he could be convicted of theft in any manner described under §§ 28-509 to 28-517 and that he could have formulated his defense strategy accordingly.

The Supreme Court of New Jersey considered similar issues when it addressed the consolidation of theft offenses in *State v. Talley*, 94 N.J. 385, 466 A.2d 78 (1983). The defendant was indicted for armed robbery and was convicted of theft by deception. Prior to the enactment of New Jersey's consolidation statute, a defendant charged with one theft offense could not be convicted of another. The New Jersey Legislature consolidated all theft offenses under N.J. Stat. Ann. § 2C:20-2(a) (West 1995), which provided: " 'A charge of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment . . . .' " (Emphasis omitted.) 94 N.J. at 390, 466 A.2d at 80. The court noted that what unified the theft offenses was the involuntary transfer of property without consent. It concluded that if the defendant was faced with the possibility of a conviction for theft other than as charged, the defendant could not successfully attack the statute because the law prescribed certain protections that remedied any notice problems. The trial court had the power to provide a continuance or other appropriate relief to ensure a fair trial.

The evidence relating to the manner by which Jonusas acquired the Youngs' money established an activity that § 28-511(1) defines as theft. Section 28-510 gives adequate notice to one accused of theft that he may be charged with one manner of theft and convicted of theft by a different manner. There was no evidence indicating that Jonusas was prejudiced by lack of fair notice or by surprise. Every criminal defendant, regardless of education or experience, is presumed to know the law. See *State v. Veiman*, 249 Neb. 875, 546 N.W.2d 785 (1996).

### SUFFICIENCY OF EVIDENCE REGARDING THEFT BY DECEPTION

Jonusas argues that the district court erred in finding sufficient evidence to support a conviction for theft by deception. Jonusas

was not convicted of theft by deception but was convicted of theft by unlawful taking or disposition pursuant to § 28-511(1). Therefore, we do not consider the sufficiency of the evidence to support a conviction of theft by deception.

### SUFFICIENCY OF EVIDENCE REGARDING THEFT BY UNLAWFUL TAKING OR DISPOSITION

Jonusas claims the district court erred in finding sufficient evidence to support a conviction for theft by unlawful taking or disposition. In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Delgado, ante* p. 141, 690 N.W.2d 787 (2005).

Section 28-511(1) states: "A person is guilty of theft if he or she takes, or exercises control over, movable property of another with the intent to deprive him or her thereof." The purchase agreement provided that if the Youngs failed to obtain a liquor license, the money placed in escrow was to be returned to them. Jonusas admitted that he never placed the money in escrow and, instead, lost it through an investment.

Jonusas argues that he was lawfully in possession of the Youngs' money and that he did not intend to deprive them of it. He contends that he believed the Youngs had breached the purchase agreement and, as such, forfeited their rights to the deposit. This claim has no merit. Nowhere in the agreement did it state that Jonusas was entitled to the money in the event that the Youngs breached the agreement. In no event did the money ever belong to Jonusas, and his alleged reason for taking the money does not exonerate him.

The properly admitted evidence, viewed and construed most favorably to the State, was sufficient to support Jonusas' conviction. Jonusas was to place the Youngs' money in escrow. Jonusas was not entitled to take control of the money for personal investment. His failure to place the money in escrow and his subsequent loss of the funds clearly established his intent to deprive the Youngs of their property.

## MOTION FOR DIRECTED VERDICT

Jonusas alleges that the district court erred in overruling his motion for directed verdict. After the State had presented its evidence and following the presentation of all the evidence, Jonusas moved to dismiss all counts against him. He argued in both instances that the State had failed to present a prima facie case.

■ There is no indication that Jonusas ever moved for a directed verdict; however, a motion to dismiss for failure to prove a prima facie case should be treated as a motion for a directed verdict. See *Palmtag v. Gartner Constr. Co.*, 245 Neb. 405, 513 N.W.2d 495 (1994). A directed verdict is proper at the close of all the evidence only when reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, when an issue should be decided as a matter of law. *Scurlocke v. Hansen*, 268 Neb. 548, 684 N.W.2d 565 (2004).

The evidence was clearly sufficient to support Jonusas' conviction pursuant to § 28-511(1). Therefore, the district court did not err in overruling his motion to dismiss.

## SENTENCE

The district court sentenced Jonusas for the offense of theft by deception after it had convicted him of theft by unlawful taking or disposition. Neither party has raised this issue on appeal, and we decline to find plain error. Section 28-518 prescribes that in either case, Jonusas was to be sentenced for a Class III felony because the amount taken was over $1,500.

## CONCLUSION

Jonusas' assignments of error are without merit, and the judgment of the district court is affirmed.

AFFIRMED.