Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/26/2020 09:09 AM CDT

State of Nebraska, appellee, v.
Jose A. Valdez, appellant.
___ N.W.2d ___

Filed April 3, 2020.    No. S-19-475.

1. **Judgments: Appeal and Error.** When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.
2. **Prior Convictions: Motor Vehicles: Homicide: Sentences: Evidence.** Evidence of a prior conviction must be introduced in order to enhance a sentence for motor vehicle homicide.
3. **Sentences.** A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime.
4. **Prior Convictions: Evidence: Appeal and Error.** Where an appellate court determines that the evidence was insufficient to establish a qualifying prior conviction, the appellate court's determination does not act as an acquittal or preclude a trial court from receiving additional evidence of a qualifying prior conviction.
5. **Waiver: Words and Phrases.** A waiver is the voluntary and intentional relinquishment of a known right, privilege, or claim, and may be demonstrated by or inferred from a person's conduct.
6. **Waiver: Estoppel.** To establish a waiver of a legal right, there must be a clear, unequivocal, and decisive act of a party showing such a purpose, or acts amounting to an estoppel on his or her part.

Appeal from the District Court for Madison County: Mark A. Johnson, Judge. Sentence vacated, and cause remanded with direction.

Matthew A. Headley, Madison County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Funke, J.

Jose A. Valdez appeals his conviction and sentence from the district court for Madison County. Valdez pled guilty to enhanced motor vehicle homicide, a Class II felony. The court accepted Valdez' guilty plea, subject to enhancement, which the parties agreed to address at the time of sentencing. At the sentencing hearing, the issue of enhancement was not addressed and no evidence was adduced on the matter, but the court treated the offense as enhanced and sentenced Valdez to a period of 24 to 25 years' imprisonment and revoked his driver's license for 15 years.

Valdez argues that the district court erred in failing to receive evidence of a prior conviction, as required to subject him to enhancement penalties under Neb. Rev. Stat. § 28-306(3)(c) (Reissue 2016). Valdez contends that the sentence should be vacated and the matter remanded to the district court for resentencing as a Class IIA felony. The State agrees that the district court erred in failing to hold an enhancement hearing, but claims that the appropriate remedy is to remand for a new enhancement and sentencing hearing. We remand the cause with direction for a new enhancement and sentencing hearing.

## BACKGROUND

On the evening of December 8, 2017, in Norfolk, Nebraska, Valdez attended a holiday gathering where he consumed alcohol to the point that his ability to operate a vehicle became appreciably diminished. He left the party and drove east on a highway until he attempted to turn left at an intersection. Valdez turned left and crashed into the driver's side of a vehicle traveling west in the outside lane of the highway.

Upon arrival, officers observed Valdez sitting in the passenger seat of his vehicle, which had extensive front-end damage and sat off the roadway. An officer spoke with Valdez and observed that he was slurring his words, that his eyes were bloodshot and watery, and that he had alcohol on his breath. Valdez admitted to drinking earlier. Another vehicle was located in the intersection which had its driver's side ripped open. The driver of the second vehicle was unresponsive at the scene. She was taken to a hospital and died from her injuries approximately 1 week later.

Valdez was transported to the emergency room of a Norfolk hospital. A police officer with the Norfolk Police Department had Valdez' blood drawn pursuant to a search warrant. Valdez had a blood alcohol content of .223 of a gram of alcohol per 100 milliliters of blood.

Valdez was charged with motor vehicle homicide. The State alleged that Valdez was operating the motor vehicle in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010) or Neb. Rev. Stat. § 60-6,197.06 (Cum. Supp. 2016) and that Valdez had a prior conviction of § 60-6,196 or § 60-6,197.06, which would enhance the charge to a Class II felony. Valdez pled guilty to the offense, and in exchange for his plea, the State agreed to recommend a maximum sentence of 25 years' imprisonment and not pursue additional charges or restitution. The district court accepted Valdez' plea and found him guilty subject to an enhancement hearing. The parties agreed to take up the issue of enhancement at sentencing, and the court set the matter for a sentencing hearing. During sentencing, the court considered the offense to be enhanced to a Class II felony and sentenced Valdez to a period of 24 to 25 years' imprisonment, with 1 day of credit for time served, and revoked his driver's license for 15 years. However, although in its comments the court referred to the fact that Valdez has two prior convictions for driving under the influence (DUI)**,** the court did not receive any evidence regarding the prior convictions and the parties did not address enhancement prior to the court's pronouncement of sentence.

## ASSIGNMENTS OF ERROR

Valdez assigns that the district court erred in (1) finding him guilty of motor vehicle homicide, a Class II felony, absent proof of enhancement and (2) imposing an excessive sentence. Valdez also argues that his trial counsel was ineffective for failing to (3) file a motion to suppress the blood test results, (4) file a motion for recusal of the trial court, (5) object to evidence introduced by the State at sentencing, and (6) make an effective argument at sentencing.

## STANDARD OF REVIEW

[1] When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.[1]

## ANALYSIS

The issue in this case is whether upon remand the trial court may conduct a new enhancement hearing. Valdez argues that his current sentence is invalid, because the court did not receive any evidence on the issue of enhancement, and that based on the State's failure to present evidence, the court should have found him guilty of a Class IIA felony and sentenced him accordingly. He requests that we remand with instructions for resentencing on the reduced charge. The State agrees that remand is required but claims that pursuant to *State v. Oceguera*,[2] the appropriate remedy is to remand for a new enhancement and sentencing hearing.

A person commits motor vehicle homicide when he or she causes the death of another unintentionally while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska or in violation of any city or village ordinance.[3] Pursuant to § 28-306(3)(b), if the proximate cause of the death of another is the operation of a motor vehicle in violation of § 60-6,196 (DUI) or § 60-6,197.06 (operating motor

---

[1] *State v. Oceguera*, 281 Neb. 717, 798 N.W.2d 392 (2011).

[2] *Id*.

[3] § 28-306(1).

vehicle during revocation period), motor vehicle homicide is a Class IIA felony. Pursuant to § 28-306(3)(c), if the proximate cause of the death of another is the operation of a motor vehicle in violation of § 60-6,196 or § 60-6,197.06 and the defendant has a prior conviction for a violation of § 60-6,196 or § 60-6,197.06, motor vehicle homicide is a Class II felony.

In a proceeding to enhance a punishment because of prior convictions, the State has the burden to prove such prior convictions.[4] Usually, the State will prove a defendant's prior convictions by introducing certified copies of the prior convictions or transcripts of the prior judgments.[5] The existence of a prior conviction and the identity of the accused as the person convicted may be shown by any competent evidence, including the oral testimony of the accused and duly authenticated records maintained by the courts or penal and custodial authorities.[6]

[2] We find that enhancement of a motor vehicle homicide sentence is analogous to habitual criminal enhancement and enhancement of a DUI sentence. In each of these contexts, the Legislature has provided for the use of prior convictions to enhance a sentence.[7] Under § 60-6,197.02(2), the prosecutor is required to present as evidence for purposes of sentence enhancement a court-certified or authenticated copy of the defendant's prior conviction, which shall be prima facie evidence of such prior conviction. Under § 60-6,197.02(3), the court shall, as part of the judgment of conviction, make a finding on the record as to the number of the convicted person's prior convictions. The convicted person shall be given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior

---

[4] *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004); *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994).

[5] *Ristau, supra* note 4.

[6] *Thomas, supra* note 4.

[7] See, § 28-306(3)(c); Neb. Rev. Stat. § 29-2221(2) (Reissue 2016); Neb. Rev. Stat. § 60-6,197.02(2) (Cum. Supp. 2018).

to sentencing, and make objections on the record regarding the validity of such prior convictions.[8] We conclude that just as in the context of habitual criminal and DUI sentence enhancements, evidence of a prior conviction must be introduced in order to enhance a sentence for motor vehicle homicide.[9]

[3] The State charged Valdez with motor vehicle homicide, a Class II felony under § 28-306(3)(c). A Class II felony is punishable by 1 to 50 years' imprisonment.[10] Valdez claims that his offense was improperly enhanced to a Class II felony, because the State introduced no evidence of a prior conviction under § 60-6,196 or 60-6,197.06. He claims that without such evidence, the court could have found him guilty only of a Class IIA felony under § 28-306(3)(b). A Class IIA felony is punishable by 0 to 20 years' imprisonment.[11] A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime.[12] It is undisputed that the trial court did not receive evidence necessary to subject Valdez to the enhanced penalties under § 28-306(3)(c) and that Valdez' sentence to a period of 24 to 25 years' imprisonment exceeds the statutory limits for a Class IIA felony. Therefore, Valdez' sentence is illegal and must be vacated.

The only question that remains is the appropriate remedy for the State's failure to adduce evidence of a prior conviction. Under our precedent, we have consistently remanded for a new enhancement hearing when the State has failed to produce sufficient evidence of the requisite prior convictions for enhancement purposes.[13] While we have not previously

[8] § 60-6,197.02(3).

[9] See *Oceguera, supra* note 1.

[10] Neb. Rev. Stat. § 28-105(1) (Reissue 2016).

[11] *Id.*

[12] *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016).

[13] See, *State v. Bruckner*, 287 Neb. 280, 842 N.W.2d 597 (2014); *Oceguera, supra* note 1; *State v. Hall*, 268 Neb. 91, 679 N.W.2d 760 (2004); *State v. Nelson*, 262 Neb. 896, 636 N.W.2d 620 (2001); *Ristau, supra* note 4.

addressed this issue in the context of motor vehicle homicide, we have found in the context of habitual criminal enhancement and enhancement of a DUI sentence that the appropriate remedy is to remand for another enhancement hearing.[14]

In *Oceguera*, the State failed to present sufficient evidence of three valid prior DUI convictions to support a conviction for a fourth offense and we remanded for a new enhancement hearing.[15] In doing so, we recognized that neither our prior case law nor any federal constitutional law prohibits a new enhancement hearing.[16] An enhanced sentence imposed on a persistent offender is not viewed as either a new jeopardy or an additional penalty for the earlier crimes, but as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one.[17]

The U.S. Supreme Court has said that except in capital cases, a failure of proof at an enhancement hearing is not analogous to an acquittal, and that such a failure of proof does not trigger double jeopardy protections.[18] Following U.S. Supreme Court precedent, numerous state appellate courts have held that double jeopardy protections do not apply to sentence enhancement hearings and do not prevent the presentation of evidence of a prior conviction at a new enhancement hearing on remand.[19]

---

[14] See, *Oceguera, supra* note 1; *Nelson, supra* note 13.

[15] *Oceguera, supra* note 1.

[16] *Id.* (relying on *Monge v. California*, 524 U.S. 721, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998)).

[17] *Gryger v. Burke*, 334 U.S. 728, 68 S. Ct. 1256, 92 L. Ed. 1683 (1948).

[18] *Monge, supra* note 16.

[19] See, *Scott v. State*, 454 Md. 146, 164 A.3d 177 (2017); *State v. Salas*, 2017 NMCA 057, 400 P.3d 251 (2017); *People v. Porter*, 348 P.3d 922 (Colo. 2015); *State v. Collins*, 985 So. 2d 985 (Fla. 2008); *State v. Eggleston*, 164 Wash. 2d 61, 187 P.3d 233 (2008); *Com. v. Wilson*, 594 Pa. 106, 934 A.2d 1191 (2007); *Jaramillo v. State*, 823 N.E.2d 1187 (Ind. 2005); *State v. McLellan*, 149 N.H. 237, 817 A.2d 309 (2003); *Nelson, supra* note 13; *Bell v. State*, 994 S.W.2d 173 (Tex. Crim. App. 1999); *People v. Levin*, 157 Ill. 2d 138, 623 N.E.2d 317, 191 Ill. Dec. 72 (1993).

Even though Valdez has not raised a double jeopardy argument, we are guided by the U.S. Supreme Court's decision in *Monge v. California*,[20] which addressed a factual and procedural context similar to that presented in this case. *Monge* interpreted California's "'three-strikes'" law, which enhances a defendant's sentence based on a previous conviction for a "serious felony."[21] At the enhancement hearing, the State alleged that the defendant had been convicted for assault with a deadly weapon, but failed to support its allegation with any substantive evidence. Nonetheless, the court enhanced the defendant's sentence. On appeal, the U.S. Supreme Court held that insufficient evidence is not a bar to retrial of a defendant's enhanced status.[22]

[4] The Supreme Court of Pennsylvania has similarly concluded that the prosecution is permitted to present enhancement evidence at a sentencing hearing on remand after the original sentence is vacated due to insufficient evidence on the issue of enhancement.[23] The court reasoned that once the original sentence is vacated, the sentence is rendered a nullity and the trial court may treat the case anew for evidentiary purposes.[24] Where an appellate court determines that the evidence was insufficient to establish a qualifying prior conviction, the appellate court's determination does not act as an acquittal or preclude a trial court from receiving additional evidence of a qualifying prior conviction.[25]

[5,6] At oral argument before this court, Valdez contended that by failing to adduce evidence of enhancement at the original sentencing hearing, the State waived the issue of enhancement. A waiver is the voluntary and intentional relinquishment of a known right, privilege, or claim, and may be demonstrated

---

[20] *Monge, supra* note 16.

[21] *Id.*, 524 U.S. at 724.

[22] See, *id.*; *Salas, supra* note 19.

[23] *Wilson, supra* note 19.

[24] *Id*.

[25] *Scott, supra* note 19.

by or inferred from a person's conduct.[26] A voluntary waiver, knowingly and intelligently made, must affirmatively appear from the record.[27] To establish a waiver of a legal right, there must be a clear, unequivocal, and decisive act of a party showing such a purpose, or acts amounting to an estoppel on his or her part.[28] Further, the waiving party must have full knowledge of all material facts.[29]

We find no evidence in our record that the State intended to forgo enhancing Valdez' sentence. The State's charging decision, as evidenced by the State's complaint filed in January 2018, was to prosecute Valdez for motor vehicle homicide under § 28-306(3)(c), a Class II felony. At the plea hearing, the State alleged as part of its factual basis that Valdez had a prior conviction that would subject him to enhancement. Valdez then entered a plea of guilty to the enhanced charge, a Class II felony, and the court accepted the plea subject to an enhancement hearing, and then scheduled that enhancement be taken up at sentencing per agreement of the parties.

The record indicates the court failed to recognize that enhancement had not been addressed. At the enhancement and sentencing hearing, the court opened by stating that "[t]his matter comes on for sentencing today for the crime of motor vehicle homicide, a Class II felony." The court proceeded directly to sentencing, possibly due to the fact that four witnesses were present to provide testimony on the issue of sentencing. In its closing comments articulating its reasons for Valdez' sentence, the court referenced Valdez' two prior convictions for DUI.

For Valdez' waiver argument to apply, he must show that at some point, the State intended to prosecute him for a Class IIA felony. Here, the State has never wavered from its position to prosecute Valdez for a Class II felony. Moreover, Valdez'

---

[26] *State v. Qualls*, 284 Neb. 929, 824 N.W.2d 362 (2012).

[27] *Id*.

[28] *Nelssen v. Ritchie*, 304 Neb. 346, 934 N.W.2d 377 (2019).

[29] *Id*.

waiver argument arises in a context in which he has pled guilty to a Class II felony, in exchange for the State's agreeing to recommend a maximum sentence of 25 years' imprisonment, with no pursuit of additional charges or restitution. Were we to accept Valdez' argument that he be resentenced on a Class IIA felony, that would raise questions regarding the validity of the plea agreement, yet Valdez has not expressed a desire to alter the plea agreement. Therefore, we reject Valdez' waiver argument.

We vacate Valdez' sentence and remand the cause with directions for another enhancement and sentencing hearing. Because of the disposition of this assignment of error, we need not address the remainder of Valdez' assignments of error.

## CONCLUSION

The district court erred when it enhanced Valdez' sentence for motor vehicle homicide absent evidence of a prior conviction. We vacate Valdez' sentence and remand the cause with direction for another enhancement and sentencing hearing.

Sentence vacated, and cause
remanded with direction.

Freudenberg, J., not participating.