IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BARNES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TAMMY L. BARNES, APPELLANT.

Filed January 12, 2021.    No. A-20-078.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Sentences vacated, and cause remanded for further proceedings.

Thomas J. Monaghan, of Dornan, Troia, Howard, Breitkreutz & Conway, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, Chief Judge, and BISHOP and WELCH, Judges.

WELCH, Judge.

INTRODUCTION

Following Tammy L. Barnes' motion for postconviction relief, the Douglas County District Court granted her motion in the form of a new direct appeal. Pursuant to that order, Barnes has filed this direct appeal of her plea-based convictions of four counts of theft by shoplifting, three or more convictions, $500 or less. On appeal, Barnes contends that the district court erred in finding that she entered her plea understandingly and voluntarily and that her trial counsel was ineffective in failing to object to the factual basis and an exhibit. For the reasons set forth herein, we vacate Barnes' sentences and remand this cause for another enhancement and sentencing hearing.

STATEMENT OF FACTS

Barnes was initially charged with eight counts of theft by shoplifting, three or more convictions, $500 or less, all Class IV felonies. Pursuant to a plea agreement, Barnes pled guilty to four counts of theft by shoplifting, 3 or more convictions, $500 or less, Class IV felonies. See Neb. Rev. Stat. § 28-511.01 (Reissue 2016) (theft by shoplifting; penalty); Neb. Rev. Stat. § 28-518(6) (Reissue 2016) (grading of theft offenses). As part of the plea agreement, the State dismissed the remaining four counts and also dismissed charges found under a separate case (CR 17-1531). The district court informed Barnes that she had a right to a jury trial, the right to confront witnesses against her, the presumption of innocence, the privilege against self-incrimination, the right to an attorney, and the immigration consequences of conviction. The district court also advised her of the nature of the charges and the associated penalties.

The State provided a factual basis for count 1 which provided that between August 1, 2016, and April 20, 2017, Barnes was videotaped on at least eight occasions at various Target stores taking various items of property including a Garmin GPS system, two Nest thermostat systems, two tablets, Microsoft software system, and "a refill kit." The value of each of the items individually was under $500, but a compilation of the total of all of the items taken on the eight separate incidents totaled $1,697.89. Law enforcement observed Barnes on video surveillance and observed the license plate on the vehicle in which she was driving away from the scene, which license plate came back registered to Barnes' daughter. Further, upon being taken into custody, Barnes admitted to the eight thefts.

During the combined plea and sentencing hearing, the following colloquy occurred between the court and trial counsel:

THE COURT: As attorney for [Barnes] can you see any advantage to her if these cases were to proceed to trial?

[Trial counsel]: No.

THE COURT: Do you believe the facts are sufficient to support verdicts of guilty[?]

[Trial counsel]: They are.

THE COURT: That your client's pleas today are consistent with the law and the facts and in her best interest?

[Trial counsel]: Yes, ma'am.

The State also offered into evidence exhibits 1 and 2. Exhibit 1 is a certified copy of Barnes' March 2016 conviction of theft by shoplifting. Exhibit 2 was purported to be a certified copy of Barnes' May 2016 criminal conviction of theft by shoplifting. As will be further addressed in the analysis portion of this opinion, exhibit 2 was actually a certified copy of a complaint alleging first offense theft by shoplifting, $0 to $500, which had been dismissed in May 2016. In response to the court's inquiry as to whether Barnes had any objection to the court receiving exhibits 1 and 2, defense counsel stated, "No, Your Honor. I am aware of these Exhibits as I represented [Barnes] in both of those convictions." Exhibits 1 and 2 were received and the court found that "they were sufficient for enhancement . . . Counts 1 through 4, shoplifting third offense $500 hundred dollars or less." The court then asked trial counsel "is there anything you wish to add to the factual basis?" to which counsel replied "No, sir. We'd stipulate to those, Your Honor."

Thereafter, the district court sentenced Barnes to 2 years' imprisonment followed by 12 months' postrelease supervision on each count with the sentences ordered to be served consecutively. Barnes was granted 24 days' credit for time served against the sentence imposed in count 1.

Following a postconviction motion in which she alleged trial counsel was ineffective in failing to file a direct appeal, Barnes was granted relief in the form of a new direct appeal. This appeal followed. Barnes is represented on appeal by different counsel than represented her during her plea and sentencing.

## ASSIGNMENTS OF ERROR

On appeal, Barnes contends that the district court erred in finding that she entered her pleas understandingly and voluntarily and that her trial counsel was ineffective in failing to object to the factual basis and exhibit 2.

## STANDARD OF REVIEW

A trial court is given discretion as to whether to accept a guilty plea, and an appellate court will overturn that decision only where there is an abuse of discretion. *State v. Lane*, 299 Neb. 170, 907 N.W.2d 737 (2018). In determining whether a defendant's waiver of a statutory or constitutional right was voluntary, knowing, and intelligent, an appellate court applies a clearly erroneous standard of review. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020).

An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020). Generally, an appellate court will find plain error only when a miscarriage of justice would otherwise occur. *Id*.

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## ANALYSIS

### PLEA

Barnes argues that the district court erred in accepting her pleas and she claims they were not entered knowingly and understandingly because the factual basis did not support that there were two valid convictions for enhancement. The State argues that "Barnes agreed, as part of the plea agreement, to plead to Theft by Shoplifting Three or More [Convictions;]" and "submits that Barnes stipulated to the charges being enhanced to an offense with two prior convictions." Brief for appellant at 6.

In *State v. Ettleman*, 303 Neb. 581, 594, 930 N.W.2d 538, 547 (2019), after finding that the State's factual basis was insufficient to support the offense, the Nebraska Supreme Court held:

In this case, we have a dubious factual basis and no statement from Ettleman that the factual basis is sufficient to support a conviction for the charge to which she is pleading. Our opinion today should not be read to preclude a defendant from being treated as having waived an objection to the sufficiency of the State's factual basis where the record of a plea colloquy demonstrates that the trial court specifically asked the defendant or his or her counsel whether the factual basis provided by the State is sufficient to support the plea and the defendant failed to object to its sufficiency upon inquiry by the court.

Unlike *Ettleman*, the record in the instant case presents a clear case where the district court provided both Barnes and her counsel a clear opportunity to object to the sufficiency of the State's factual basis and they failed to do so while affirmatively asserting that the plea was consistent with the facts and the law being applied. Trial counsel also acknowledged that he was aware of both exhibits 1 and 2 because he "represented [Barnes] in both of those convictions." Further, the court then asked trial counsel "is there anything you wish to add to the factual basis?" to which counsel replied "No, sir. We'd stipulate to those, Your Honor." On this record, we hold that Barnes waived her objection to the sufficiency of the State's factual basis supporting the charges of theft by shoplifting, $500 or less, and the factual basis for enhancement, third or subsequent offense. Because Barnes effectively waived an objection to the sufficiency of the State's factual basis, her argument that she did not knowingly and understandingly enter into those pleas fails.

PLAIN ERROR REVIEW

Notwithstanding our finding that Barnes waived her right to claim the factual basis provided to the court failed to support her plea to the enhanced sentences, this does not end our inquiry. Although Barnes' counsel failed to object and even stipulated to the admission of exhibit 2, the question of its admissibility to support enhancement of Barnes' sentences can still be reviewed for plain error. See *State v. Vann*, 306 Neb. 91, 944 N.W.2d 503 (2020) (appellate court can recognize plain error even when evidence is received without timely objection).

Exhibit 2 was offered by the State to support the enhancement penalty associated with a violation of § 28-511.01. "The State must prove the constitutional validity of the prior conviction before the State may use the prior conviction for an enhanced penalty." *State v. Jackson*, 4 Neb. App. 413, 417, 544 N.W.2d 379, 382 (1996). Exhibit 2, which was offered by the State to prove a prior conviction, most assuredly did not do so.

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Street*, 306 Neb. 380, 945 N.W.2d 450 (2020). It was plain error for the district court to admit exhibit 2 for the purpose of demonstrating a prior conviction for the purpose of enhancement.

Having determined that it was error to admit exhibit 2 for purposes of the enhancement proceedings, we must now determine the impact on Barnes' sentences which were entered on the basis of theft by shoplifting, three or more, when the record only supported two. As the Nebraska Supreme Court stated in *State v. Valdez*, 305 Neb. 441, 446, 940 N.W.2d 840, 844 (2020), "Under our precedent, we have consistently remanded for a new enhancement hearing when the State has

failed to produce sufficient evidence of the requisite prior convictions for enhancement purposes." It is likewise clear from our precedent that, in enacting § 28-518(6), the Legislature enacted a statutory construct to enhance the punishment for theft convictions because of prior convictions. Although our independent research has not uncovered a Nebraska appellate case applying the aforementioned rule to an enhanced theft case, we find the same procedure is applicable here. Accordingly, we vacate Barnes' sentences and remand to the district court for another enhancement and sentencing hearing.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Barnes' final claim is that her trial counsel was ineffective for failing to object to exhibit 2 and the factual basis. Specifically she contends that had her trial counsel reviewed exhibit 2, he would have known that the exhibit did not reflect a conviction and that the State had not provided a sufficient factual basis and enhancement to support her pleas for theft by shoplifting, $500 or less, three or more convictions. Because we have already determined that, notwithstanding that failure to object, the court erred in admitting exhibit 2 for the purposes of enhancement, we need not further analyze this issue. See *State v. Connelly*, 307 Neb. 495, 949 N.W.2d 519 (2020) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

### CONCLUSION

In sum, although we affirm Barnes' convictions for theft by shoplifting, $500 or less, we find that the district court erred in admitting exhibit 2 for the purpose of enhancement. Accordingly, we vacate Barnes' sentences and remand this cause for another enhancement and sentencing hearing.

SENTENCES VACATED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.