Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/16/2025 09:08 AM CDT

State of Nebraska, appellee, v.
Melissa S. Bret, appellant.
___ N.W.3d ___

Filed May 16, 2025.    No. S-24-738.

1. **Judgments: Appeal and Error.** An appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination of the court below when dispositive issues on appeal present questions of law.

2. **Sentences: Prior Convictions: Proof.** In a proceeding to enhance a punishment because of prior convictions, the State has the burden to prove the fact of prior convictions by a preponderance of the evidence, and the trial court determines the fact of prior convictions based upon the greater weight of the evidence standard.

3. **Sentences: Prior Convictions: Theft.** To enhance a sentence for theft under Neb. Rev. Stat. § 28-518 (Cum. Supp. 2024), just as in other contexts, an enhancement proceeding must occur at any time before the court imposes sentence, evidence of any qualifying prior convictions must be introduced, and the court must find that such convictions exist by the greater weight of the evidence.

4. **Sentences.** A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or lesser than the permissible statutory penalty for the crime.

5. **Penalties and Forfeitures: Waiver.** Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment of a known right.

6. **Sentences: Prior Convictions.** When the State seeks to enhance a sentence due to any prior convictions of the defendant, a separate hearing must be held after trial and before sentencing.

Appeal from the District Court for Douglas County: Katie L. Benson, Judge. Sentence vacated, and cause remanded with directions.

Thomas C. Riley, Douglas County Public Defender, Alexander D. Sycher, and Hilary A. Drawz, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Bergevin, J.

## INTRODUCTION

Melissa S. Bret appeals from her sentence for theft by shoplifting. She and the State agree that the district court erred in sentencing her for a Class IV felony instead of a Class II misdemeanor because the State failed to present evidence of her prior convictions.[1] However, the parties disagree as to the proper remedy on remand. Bret argues that because the State's conduct "waived" enhancement, the court on remand should sentence her for the misdemeanor.[2] The State argues that it did not waive enhancement. We conclude that the court erred in enhancing the offense and imposing an enhanced sentence and that the classification and sentence must be vacated. We further conclude that the State did not waive enhancement and may seek it on remand.

## BACKGROUND

Bret was charged with theft by shoplifting[3] goods or merchandise valued at $500 or less and having two prior convictions for the same offense, a Class IV felony.[4] A jury found her

---

1 Compare Neb. Rev. Stat. § 28-518(4) (Cum. Supp. 2024), with § 28-518(6).

2 Brief for appellant at 11. See *State v. Valdez*, 305 Neb. 441, 940 N.W.2d 840 (2020) (holding for waiver to apply, defendant must show that at some point, State intended to prosecute for lower grade offense).

3 See Neb. Rev. Stat. § 28-511.01 (Reissue 2016).

4 See § 28-518(4) and (6).

guilty of shoplifting property valued at $77.64.[5] After the jury returned its verdict, the district court ordered a presentence investigation and set the matter for sentencing. In its written order on the verdict, the court adjudged Bret guilty of theft by shoplifting, a Class IV felony. Likewise, in the court's order for a presentence investigation, the court set forth that Bret was found guilty of "Theft by Shoplifting 3 or more $500 or less, a Class IV felony."

At the commencement of the sentencing hearing, the district court confirmed its "understanding that we are here today for sentencing after a jury convicted [Bret] of one count of theft by shoplifting, a Class 4 [sic] Felony." Counsel for Bret and the State agreed with the court.

The court next discussed the presentence investigation report (PSR) with both counsel. The PSR indicated that Bret was charged with and convicted of "Theft by Shoplifting – Three or More Offenses, $500 or Less," in violation of §§ 28-511.01(1) and 28-518(6), a Class IV felony. The PSR noted that the maximum term of imprisonment was 2 years—the maximum for a Class IV felony.[6] It did not contain any information relating to a Class II misdemeanor.

The court then asked Bret's attorney for argument, and Bret argued for a sentence of probation. At the conclusion of Bret's argument, the court noted that the State's trial counsel "was not here initially; but [now] is here, for purposes of the record." The court asked whether the State's newly arrived attorney was "going to handle sentencing." The attorney answered in the affirmative and proceeded to present argument as to the appropriate sentence for Bret. In doing so, the State mentioned that Bret had "a prior felony shoplifting conviction" and recommended "a max sentence of two years."

---

[5]  See § 28-518(9) ("value shall be an essential element of the offense").

[6]  See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2024).

In sentencing Bret, the court noted that Bret had prior charges and convictions for theft by shoplifting. After it considered the appropriate sentencing factors,[7] the court imposed a sentence of 1 year's imprisonment.[8] No evidence was adduced regarding any prior theft conviction, and the court made no finding that Bret had any qualifying prior theft conviction. Bret timely appeals.

## ASSIGNMENT OF ERROR

Bret assigns that the district court erred by enhancing her conviction of theft by shoplifting $500 or less to a third offense because the State provided insufficient evidence of Bret's prior shoplifting convictions.

## STANDARD OF REVIEW

[1] An appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination of the court below when dispositive issues on appeal present questions of law.[9]

## ANALYSIS

We begin by addressing the sentencing enhancements for prior theft convictions under § 28-518. We then review the enhancement of Bret's sentence, before turning to the parties' disagreement: Whether the State is precluded from seeking enhancement of her sentence on remand.

---

[7] See, e.g., *State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023); *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021); *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019); *State v. Philipps*, 242 Neb. 894, 496 N.W.2d 874 (1993); *State v. Etchison*, 188 Neb. 134, 195 N.W.2d 498 (1972). See, also, Neb. Rev. Stat. §§ 29-2260 (Reissue 2016) and 29-2261 (Cum. Supp. 2024).

[8] See § 28-105, § 28-518, and Neb. Rev. Stat. § 29-2204.02 (Reissue 2016).

[9] See, *State v. Valdez, supra* note 2. See, also, *In re Estate of McCormick*, 317 Neb. 960, 12 N.W.3d 802 (2024).

Prior Conviction Sentencing
Enhancement Under § 28-518

We have not previously directly addressed the State's burden to establish prior convictions for the enhancement of a theft offense under § 28-518.[10] We take the opportunity to do so here.

In Nebraska, there is a single offense of "theft" that may be committed by taking part in any one of several activities described in Neb. Rev. Stat. §§ 28-509 to 28-517 (Reissue 2016 & Cum. Supp. 2024).[11] The unifying concept in all these activities is that each involves the involuntary transfer of property.[12] The actor appropriates the property of the victim either (1) without consent or (2) with consent that was obtained by fraud or coercion.[13] Rather than the particular activity, the class of the theft offense is graded by the "value of the thing involved,"[14] as found by a unanimous jury beyond a reasonable doubt.[15] Thereafter, it is possible for the class to be enhanced. Under § 28-518(5) to (7), a theft offense may be enhanced if the offender has certain qualifying prior convictions. Those subsections provide:

---

[10] Cf. *State v. McCarthy*, 284 Neb. 572, 822 N.W.2d 386 (2012).

[11] *State v. Jonusas*, 269 Neb. 644, 694 N.W.2d 651 (2005). See § 28-510.

[12] See *State v. Jonusas, supra* note 11.

[13] See *id.*

[14] § 28-518(1) to (4). See § 28-518(8).

[15] See § 28-518(9). See, also, e.g., *State v. Fernandez*, 313 Neb. 745, 757, 986 N.W.2d 53, 62 (2023) (holding jury must find property stolen had "value falling within the ranges" in § 28-518); *State v. Gartner*, 263 Neb. 153, 169, 638 N.W.2d 849, 863 (2002) (holding § 28-518 "requires that intrinsic value be proved beyond a reasonable doubt as an element of the offense, proof of a specific value at the time of the theft is necessary only for gradation of the offense," as law already required); *State v. Schumacher*, 184 Neb. 653, 655, 171 N.W.2d 181, 183 (1969) (recognizing sufficient evidence must establish property stolen had "at least some value").

(5) For any second or subsequent conviction [when the value of the thing involved is more than $500 but less than $1,500], any person so offending shall be guilty of a Class IV felony.

(6) For any second conviction [when the value of the thing involved is $500 or less], any person so offending shall be guilty of a Class I misdemeanor, and for any third or subsequent conviction [when the value of the thing involved is $500 or less], the person so offending shall be guilty of a Class IV felony.

(7) For a prior conviction to be used to enhance the penalty under subsection (5) or (6) of this section, the prior conviction must have occurred no more than ten years prior to the date of commission of the current offense.[16]

We read these sentencing enhancements concerning prior convictions of theft consistent with other analogous situations of sentencing enhancement based on an offender's prior convictions.[17]

Our precedent is well established concerning the enhancement of sentences based on prior convictions.[18] We have long held:

[W]here punishment is sought under any statute defining one crime and providing for an enhanced penalty upon conviction of a second or subsequent offense: (1) The

---

[16] § 28-518(5) to (7).

[17] See, also, *State v. McCarthy, supra* note 10 (analogizing prior convictions under § 28-518 to prior driving under influence convictions).

[18] See, e.g., *State v. Valdez, supra* note 2 (motor vehicle homicide, see Neb. Rev. Stat. § 28-306(3) (Reissue 2016)); *State v. Oceguera*, 281 Neb. 717, 798 N.W.2d 392 (2011) (driving under influence, see Neb. Rev. Stat. § 60-6,197.02(2) (Reissue 2016)); *Haffke v. State*, 149 Neb. 83, 30 N.W.2d 462 (1948) (promulgating rule of practice and procedure applicable to any statute that imposes duty upon court to inflict greater punishment upon repetition of offense). See, also, e.g., *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011).

facts with reference thereto must be alleged in the complaint, indictment or information upon which the accused is prosecuted; (2) the fact that the accused is charged with having committed a second or subsequent offense should not be an issue upon the trial and should not in any manner be disclosed to the jury; (3) if the accused is convicted, before sentence is imposed a hearing should be had before the court without a jury as to whether or not there have been any prior convictions of the accused under the same statute; (4) the accused should be given notice of the time of hearing at least three days prior thereto; and (5) at the hearing, if the court finds from the evidence submitted that the accused has been convicted prior thereto under the same statute, the court should sentence the accused according to the enhanced penalty applicable to the facts found.[19]

[2] In a proceeding to enhance a punishment because of prior convictions, the State has the burden to prove the fact of prior convictions by a preponderance of the evidence, and the trial court determines the fact of prior convictions based upon the greater weight of the evidence standard.[20]

[3] We hold that to enhance a sentence for theft under § 28-518, just as in other contexts, an enhancement proceeding must occur at any time before the court imposes sentence,

---

[19] *Haffke v. State, supra* note 18, 149 Neb. at 95-96, 30 N.W.2d at 469. See *Poppe v. State*, 155 Neb. 527, 52 N.W.2d 422 (1952). See, also, *State v. Rubek*, 11 Neb. App. 489, 653 N.W.2d 861 (2002).

[20] *State v. Teppert*, 307 Neb. 695, 950 N.W.2d 594 (2020); *State v. Hall*, 270 Neb. 669, 708 N.W.2d 209 (2005); *State v. Hurbenca*, 266 Neb. 853, 669 N.W.2d 668 (2003). See, *State v. Bixby*, 315 Neb. 549, 997 N.W.2d 787 (2023); *State v. Taylor*, 286 Neb. 966, 840 N.W.2d 526 (2013); *State v. Macek*, 278 Neb. 967, 774 N.W.2d 749 (2009). See, also, *Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024); *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998); *State v. Johnson*, 290 Neb. 369, 859 N.W.2d 877 (2015); *Haffke v. State, supra* note 18.

evidence of any qualifying prior convictions must be introduced, and the court must find that such convictions exist by the greater weight of the evidence.[21]

### Enhancement of Bret's Sentence

Bret first argues that her enhanced sentence is illegal because the State failed to prove the requisite prior convictions to enhance her theft by shoplifting offense from a Class II misdemeanor to a Class IV felony under § 28-518. The State agrees. So do we.

A jury found Bret guilty of theft by shoplifting and found the value involved in the theft to be $77.64. Upon acceptance of the jury's verdict, the district court adjudged Bret guilty of Class IV felony theft by shoplifting. However, the jury found that the value involved was less than $500. "Theft constitutes a Class II misdemeanor when the value of the thing involved is five hundred dollars or less."[22] Unless and until the State proved that Bret had qualifying prior convictions to enhance that offense, she was guilty of only the class of theft for which the jury found her guilty—Class II misdemeanor theft.

After the jury found Bret guilty of theft by shoplifting, no evidence was introduced to support a factual finding that Bret had any qualifying prior convictions, and the court did not make a factual finding as to whether Bret had any qualifying prior convictions. Therefore, Bret's offense could not be enhanced from a Class II misdemeanor to a Class IV felony.

[4] A Class II misdemeanor theft is punishable by a maximum 6 months' imprisonment, $1,000 fine, or both.[23] However, the sentence imposed by the court was 1 year's imprisonment. A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or lesser than the

---

[21] See, *State v. Valdez, supra* note 2; *State v. Oceguera, supra* note 18.

[22] § 28-518(4).

[23] Neb. Rev. Stat. § 28-106 (Reissue 2016).

permissible statutory penalty for the crime.[24] Bret's sentence is illegal because it is greater than is permissible. It must be vacated.

## Waiver of Enhanced Offense

Having determined that Bret's sentence must be vacated, we must remand the cause for resentencing.[25] Bret argues that the State cannot pursue the enhancement of her theft offense and attempt to prove that she has qualifying prior convictions on remand. She contends that the State waived the issue of enhancement because the State acknowledged that the "hearing that day was being conducted to sentence Bret on a Class IV felony," and the "State acknowledged as much but still did not" introduce any evidence of any prior convictions.[26] Bret asserts that "it can be inferred from the conduct of the State's attorney at the sentencing hearing that the State made a voluntary waiver of its right to enhance" the offense.[27] The State disagrees and contends it made no such waiver.

We have previously addressed the issue of waiver in the context of sentencing enhancement.[28] As we set forth in *State v. Valdez*[29]:

> A waiver is the voluntary and intentional relinquishment of a known right, privilege, or claim, and may be

---

[24] E.g., *State v. Valdez, supra* note 2. See, *State v. McAleese*, 311 Neb. 243, 971 N.W.2d 328 (2022) (criminal judgment void when court lacks jurisdiction or legal basis to impose judgment); *State v. Lotter*, 255 Neb. 456, 586 N.W.2d 591 (1998) (sentence void when unauthorized by law), *modified on denial of rehearing* 255 Neb. 889, 587 N.W.2d 673 (1999).

[25] See *State v. Oceguera, supra* note 18 (holding proper remedy is remand for new enhancement hearing when State failed to produce sufficient evidence of requisite prior convictions and defendant appeals). Accord *State v. Valdez, supra* note 2.

[26] Brief for appellant at 10.

[27] *Id*.

[28] See *State v. Valdez, supra* note 2.

[29] *Id*. at 448-49, 940 N.W.2d at 845-46.

demonstrated by or inferred from a person's conduct. A voluntary waiver, knowingly and intelligently made, must affirmatively appear from the record. To establish a waiver of a legal right, there must be a clear, unequivocal, and decisive act of a party showing such a purpose, or acts amounting to an estoppel on his or her part. Further, the waiving party must have full knowledge of all material facts.

Our opinion in *Valdez* is instructive in determining whether the State is precluded from seeking enhancement on remand. In *Valdez*, the trial court opened the sentencing hearing by stating that the matter before it was sentencing for a Class II felony. However, before the underlying offense could be enhanced to a Class II felony, the State was required to prove the defendant had prior convictions. The court proceeded directly to sentencing, and the State failed to introduce evidence of any prior convictions of the defendant. The record indicated that enhancement of the defendant's sentence for prior convictions was never addressed. On appeal, we rejected the defendant's argument that the State waived the issue of enhancement. In so doing, we noted that the State "never wavered from its position to prosecute" for the enhanced offense and that the defendant had pleaded guilty to the enhanced offense.[30]

The record in this case likewise shows that enhancement for Bret's prior convictions was never addressed. Nevertheless, Bret distinguishes *Valdez* from her case because she was convicted after a jury trial and did not plead guilty to the enhanced offense.

Nothing in the record shows the State intended to forgo enhancing Bret's sentence—quite the contrary. The State charged Bret with the enhanced offense, indicated that the sentencing hearing was for the enhanced offense, and argued for a "max sentence" of 2 years' imprisonment. As discussed

---

[30] *Id.* at 449, 940 N.W.2d at 846.

above, 2 years' imprisonment is the maximum sentence for the enhanced offense, not the maximum sentence for the unenhanced offense. It is also unclear whether the State was aware that enhancement had not been addressed due to the late arrival of the State's trial counsel. Moreover, Bret had already been erroneously adjudged guilty of a Class IV felony. No waiver affirmatively appears from the record.

[5] The essence of Bret's argument is that the State failed to timely assert its right to seek enhancement of her sentence by not attempting to prove she had qualifying prior convictions before the court imposed its sentence. This argument conflates waiver and forfeiture. There are meaningful distinctions between the concepts.[31] "'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment . . . of a known right.'"[32]

We have previously acknowledged that this court, like many others, has not always used these terms precisely.[33] Recently, we have more carefully distinguished between an act of waiver and a consequence of forfeiture.[34]

We have not previously considered whether the State can forfeit its right to seek a sentencing enhancement based on prior convictions. But we do not need to do so here.

[6] The sequence of events in Bret's case does not show that the State failed to timely assert its right. As we discussed above, when the State seeks to enhance a sentence due to any prior convictions of the defendant, a hearing must be held after trial and before sentencing.[35] An enhancement proceeding

---

[31] *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024).

[32] *Id.* at 777, 1 N.W.3d at 465 (quoting *United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993)).

[33] *State v. Horne, supra* note 31.

[34] *State v. Kalita*, 317 Neb. 906, 12 N.W.3d 499 (2024). See, e.g., *State v. Rezac, ante* p. 352, 15 N.W.3d 705 (2025); *Main St Properties v. City of Bellevue, ante* p. 116, 13 N.W.3d 911 (2024); *Lancaster County v. Slezak*, 317 Neb. 157, 9 N.W.3d 414 (2024).

[35] See, *Haffke v. State, supra* note 18; *Poppe v. State, supra* note 19.

is distinct from sentencing.[36] In this case, no enhancement proceeding occurred. The court received the jury's verdict and adjudged Bret guilty of Class IV felony theft instead of Class II misdemeanor theft. The case next came on for sentencing. The State did not forfeit its right to seek a sentencing enhancement when it was not afforded the opportunity to do so.

We conclude that on remand, the State is not precluded from seeking to enhance Bret's theft offense due to any qualifying prior convictions.

## CONCLUSION

In the absence of evidence of any qualifying prior convictions, the district court erred in enhancing the offense and imposing a sentence greater than that which was statutorily authorized by the jury's verdict. Further, on the facts of this case, the State did not waive or forfeit the issue of enhancement. Accordingly, we vacate the classification of the offense announced upon conviction and Bret's sentence and remand the cause for possible enhancement and for resentencing.

CLASSIFICATION AND SENTENCE VACATED,
AND CAUSE REMANDED.

[36] See, e.g., *State v. Valdez, supra* note 2; *State v. Spang*, 302 Neb. 285, 923 N.W.2d 59 (2019); *State v. Erpelding*, 292 Neb. 351, 874 N.W.2d 265 (2015); *State v. Bruckner*, 287 Neb. 280, 842 N.W.2d 597 (2014); *State v. Taylor, supra* note 20; *State v. Oceguera, supra* note 18; *State v. Nelson*, 262 Neb. 896, 636 N.W.2d 620 (2001), *overruled on other grounds, State v. Vann*, 306 Neb. 91, 944 N.W.2d 503 (2020); *State v. Linn*, 248 Neb. 809, 539 N.W.2d 435 (1995); *State v. Ohler*, 219 Neb. 840, 366 N.W.2d 771 (1985); *State v. Schaf*, 218 Neb. 437, 355 N.W.2d 793 (1984), *overruled on other grounds, State v. Vann, supra* note 36. See, also, e.g., Neb. Rev. Stat. §§ 29-2206, 29-2221, 29-2281, and 29-2521 (Cum. Supp. 2024).