IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. COX

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TRAVIS E. COX, APPELLANT.

Filed July 13, 2021.    No. A-20-851.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Heather S. Colton, of Pollack & Ball, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Travis E. Cox appeals his termination from the Lancaster County Drug Court Program, contending that he was not afforded procedural and substantive due process and that there was insufficient evidence to terminate him from the program. Cox also contends that his trial counsel was ineffective in failing to object to hearsay testimony and evidence during the termination hearing, failing to make any foundational objections, failing to subpoena or otherwise call certain adverse witnesses with personal knowledge of the evidence, and failing to file a motion to withdraw his plea as requested by Cox. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

On August 5, 2020, Cox was charged in Lancaster County District Court with burglary, a Class IIA felony, and possession of methamphetamine, a Class IV felony. See, Neb. Rev. Stat. § 28-507 (Reissue 2016); Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2020). On August 20, Cox pled

guilty to the charged offenses. The court stated that Cox had been accepted into the Lancaster County Drug Court Program and asked Cox if he understood that if Cox did not successfully complete the drug court program, he would not be able to withdraw his guilty pleas to which Cox responded "Yes." The court also advised Cox that if he failed to successfully complete the drug court program, Cox would be sentenced according to the sentencing ranges that the court had previously explained, to which Cox again replied "Yes." Cox bonded into the Lancaster County Drug Court Program that same day. One of the provisions of the Drug Court Bond, which Cox signed, was:

> I understand and acknowledge that if it is alleged that I have violated any of the above conditions, I can be immediately remanded to the custody of the Lancaster County Department of Corrections by any drug court or law enforcement officer, my bond can be revoked, and/or I can be terminated from drug court and sentenced on the charges to which I entered pleas.

As a part of Cox's program plan, on Thursday, August 27, 2020, he was placed in residential inpatient treatment at Touchstone's rehabilitation facility in Lincoln, Nebraska. Cox's treatment went poorly during his short stay at Touchstone. On the following Monday, August 31, Cox's therapist at Touchstone contacted Andrea McClatchey, Cox's drug court supervision officer, and described Cox's "rough weekend" explaining that Cox displayed "disruptive and aggressive" behaviors, "calling people names, [and] not following rules." The therapist held a meeting between herself, Cox, and McClatchey so that McClatchey could "talk to [Cox], to go over the rules with him again, [to] allow [McClatchey] to see some of the behaviors that [Cox] was exhibiting and just make sure that [Cox knew what was] expected of him while he was [at Touchstone]." The therapist stated that if Cox's behaviors continued, he would be terminated from the residential inpatient treatment program. During the meeting, Cox was agitated, and following the meeting, Cox continued his negative behavior including failing to follow rules, being argumentative, failing to take responsibility, and leaving designated areas. Cox was terminated from treatment at Touchstone on Friday, September 4.

On September 17, 2020, the State filed a drug court violation alleging that after starting residential treatment at Touchstone on August 27, he was terminated therefrom on September 4.

A hearing was held on September 28, 2020, concerning whether Cox should be terminated from drug court. The sole witness for the State was McClatchey who testified about Cox's behavior while at Touchstone. She also testified that she and the drug court coordinator recently filed a drug court violation in Cox's case alleging that Cox violated bond condition number 19, which provided that Cox would satisfactorily attend and complete any alcohol or drug treatment as directed by the drug court. McClatchey stated that once Cox was terminated from treatment, Cox indicated that he had not been on medication for his mental health while he was in treatment; however, McClatchey testified that Cox had been given the opportunity to see the medication provider for a medication assessment while at Touchstone, but declined.

Cox testified that in 2013, he was diagnosed with anxiety, depression, post-traumatic stress disorder, and antisocial personality disorder. He explained that he felt anxious while he was in treatment and stated "I can't say that it was anybody's fault but my own, but I definitely think that

had I been taking my medications, things would've went a lot differently." Cox explained that he wanted to remain in drug court

> because . . . [i]t's my only chance at ever getting out of this cycle of . . . getting arrested, and getting out, and using drugs, and ending up getting arrested again, and I just keep doing that . . . this program is the only opportunity I may ever have at being able to get back into my family's life or ever, you know, being able to have a normal life again.

Although Cox testified that drug court provided an opportunity for him to change his life, he admitted that this was also true when he entered Touchstone on August 27, 2020; when he met with McClatchey and his therapist on August 31; and when he was terminated from Touchstone on September 4.

During the hearing, the court received into evidence the following 7 exhibits: exhibit 1, Cox's discharge summary from Touchstone; exhibit 2, email correspondence between McClatchey and Cox's therapist at Touchstone; exhibit 3, drug court case notes; exhibit 4, Cox's drug court sanction sheet; exhibits 5 and 6, letters written by Cox to judges, Touchstone staff, and drug court staff; and exhibit 7, the Lancaster County Drug Court termination policy.

On September 30, 2020, the district court entered an order in which the court determined that Cox had "violated the terms and conditions of the Drug Court bond when he was terminated from [inpatient] treatment" and that the decision to terminate Cox from drug court was supported by clear and convincing evidence. The court ordered the preparation of a new presentence investigation report prior to the sentencing hearing. At the November 3 sentencing hearing, the court stated:

> I have reviewed the [presentence report], all the statutory factors that I am to consider and . . . having done so, and having regard for the nature and circumstances of these crimes and your history, character and condition, I do find that imprisonment is necessary for the protection of the public.
>
> I find the risk is substantial during any period of probation that you would engage in additional criminal conduct. And I find that lesser sentences than I will impose here today would, in fact, depreciate the seriousness of these crimes and promote disrespect for the law.

The district court resentenced Cox to 3 to 4 years' imprisonment on the burglary conviction and 1 to 2 years' imprisonment on the possession of methamphetamine conviction, with the sentences ordered to be served consecutively. Cox was given credit for 124 days served. Cox has timely appealed to this court.

### III. ASSIGNMENTS OF ERROR

Cox contends that the district court erred in terminating him from the Lancaster County Drug Court Program without affording him procedural and substantive due process and in finding that there was sufficient evidence to do so. Cox also contends that his trial counsel was ineffective in failing to object to hearsay testimony and evidence; in failing to make any foundational objections; in "fail[ing] to subpoena or otherwise call to testify adverse witnesses with personal knowledge of the evidence, upon which the termination was based, in order for them to be

cross-examined thereby denying [him] the right to confront and cross-examine witnesses against him"; and in failing to file a motion to withdraw plea as requested by Cox. Brief for appellant at 4.

## IV. STANDARD OF REVIEW

Termination from a drug court program is a matter entrusted to the discretion of the trial court. *State v. Seaman*, 28 Neb. App. 667, 947 N.W.2d 589 (2020). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019); *State v. Seaman, supra*.

The determination of whether procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. *State v. McCurry*, 296 Neb. 40, 891 N.W.2d 663 (2017); *State v. Seaman, supra*. When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. *State v. Valdez*, 305 Neb. 441, 940 N.W.2d 840 (2020); *State v. Seaman, supra*.

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Smith*, 302 Neb. 154, 922 N.W.2d 444 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019); *State v. Duckworth*, 29 Neb. App. 27, 950 N.W.2d 650 (2020).

## V. ANALYSIS

### 1. DUE PROCESS

Cox's first assigned error is that the district court erred in terminating him from the Lancaster County Drug Court Program without affording him procedural and substantive due process. He argues in his brief that because the hearing held in his case did not meet the minimum due process requirements as outlined by the Nebraska Supreme Court in *State v. Shambley*, 281 Neb. 317, 795 N.W.2d 884 (2011), his procedural due process rights were violated.

Drug court program participants are entitled to the same due process protections as persons facing termination of parole or probation. *State v. Shambley, supra*; *State v. Seaman, supra*. At a hearing to determine revocation of parole or probation, the following minimum due process protections apply: (1) written notice of the time and place of the hearing; (2) disclosure of evidence; (3) a neutral factfinding body or person, who should not be the officer directly involved in making recommendations; (4) opportunity to be heard in person and to present witnesses and documentary evidence; (5) the right to cross-examine adverse witnesses, unless the hearing officer determines that an informant would be subjected to risk of harm if his or her identity were disclosed or unless the officer otherwise specifically finds good cause for not allowing confrontation; and (6) a written

statement by the fact finder as to the evidence relied on and the reasons for revoking the conditional liberty. *State v. Shambley, supra*; *State v. Seaman, supra*.

A parole or probation revocation hearing is not a criminal prosecution, and the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial. *State v. Shambley, supra*; *State v. Seaman, supra*. Despite the flexible standard for drug court program termination and parole or probation revocation hearings which allows the consideration of hearsay evidence inadmissible under the rules of evidence, absent a showing of good cause, the drug court participant, parolee, or probationer has the right to confront adverse witnesses with personal knowledge of the evidence upon which the termination or revocation is based. *State v. Shambley, supra*; *State v. Seaman, supra*.

Here, Cox alleges two due process violations. First, he contends that the district court erred in relying upon exhibits 1 through 3 (the Touchstone inpatient treatment discharge summary, emails from Cox's Touchstone therapist to McClatchey, and drug court case notes relating to Cox's behavior while at Touchstone) which he argues contained inadmissible hearsay. Second, he contends that the "order of termination issued in this matter provides no information as to the evidence relied on and the reasons for the court's finding that [Cox] violated the terms and conditions of the drug court bond and in determining to terminate him from the drug court program." Brief for appellant at 13.

We first address Cox's claim that the district court erred in relying upon exhibits 1 through 3 which he alleges contained inadmissible hearsay and which resulted in a violation of his right to due process. Although Cox is raising an objection to the admissibility of exhibits 1 through 3 in this appeal, during the drug court violation hearing, Cox failed to pose hearsay, foundation, or due process objections to any of the testimony or exhibits offered by the State. "A party who fails to make a timely objection to evidence waives the right on appeal to assert prejudicial error concerning the evidence received without objection." *State v. Figures*, 308 Neb. 801, 819, 957 N.W.2d 161, 181 (2021). This principle has been applied to waive both statutory and constitutional rights and alleged violations of procedureal due process and confrontation. *State v. Nadeem*, 284 Neb. 513, 822 N.W.2d 372 (2012). Having failed to object to the admission of exhibits, Cox has waived these claims.

Next, we address Cox's claim that the district court's order failed to comply with the requirement that the order set forth the evidence relied on and the reasons for revoking his drug court bond. Despite Cox's claim, the district court's order was issued in connection with the specific claim that Cox violated bond condition 19, to wit, "[Cox failed to] satisfactorily attend and complete any alcohol, drug, or mental health evaluation, counseling, or treatment as directed by [the] drug court." As to that specific claim and the evidence adduced in relation to Cox's unsatisfactory termination from treatment at Touchstone, in different portions of the order, the district court indicated that Cox's counsel conceded that Cox violated the conditions of his drug court bond, that the evidence clearly and convincingly indicated he violated a condition of his drug court bond when he was terminated from inpatient treatment, and that said termination occurred after Cox had received several prior warnings.

After reviewing the complete language of the district court's order, we find the district court complied with the requirement that the court issue "a written statement by the fact finder as

to the evidence relied on and the reasons for revoking the conditional liberty." See *State v. Shambley*, 281 Neb. 317, 327, 795 N.W.2d 884, 893 (2011). Accord *State v. Seaman*, 28 Neb. App. 667, 947 N.W.2d 589 (2020). Because the district court's order complies with this requirement, Cox's assignment that he was denied due process for the court's failure to comply with the requirement fails.

## 2. INSUFFICIENCY OF EVIDENCE

Cox's second assigned error is that the district court erred in finding that there was sufficient evidence to terminate him from the drug court program. His brief breaks down this argument into two parts. First, he claims that the district court erred in finding that the State had proven by a preponderance of the evidence that he had violated a condition of drug court. Second, he claims that even if the court properly found that a violation occurred, termination from drug court was not an appropriate sanction in this case.

The Lancaster County Drug Court's Termination Policy provides, in pertinent part:

1. Initially, the matter will proceed on the issue of whether there has been a violation. During this phase of the proceeding, the burden is on the state to show, by the preponderance of the evidence that a violation has occurred, as alleged in the Alleged Problem Solving Court Violation. The participant is entitled to be represented by counsel; to be heard in person; to present witnesses and documentary evidence; and to cross-examine witnesses.

2. Subsequent to evidence on the violation phase, the hearing judge will hear arguments on the question of whether the participant should be terminated from the Problem Solving Court, should it be determined that, in fact, there has been one or more violation(s). In determining whether termination [from drug court] is the appropriate sanction, the hearing judge shall consider, without limitation: the nature of the violation(s) found to exist; the participant's case notes and sanction sheet from their participation in the program; any documentation relating to the participant's continuation in the program (e.g. character references); the arguments of counsel; and the defendant's allocution, if any.

Lancaster County Community Corrections, Adult Drug Court, Policy No. 01.19.005.ADC § II(E) (rev. 2019).

During the first phase of the proceeding, whether a violation occurred, the State proceeded on the allegation that Cox violated drug court bond condition no. 19 which requires that all drug court participants "shall satisfactorily attend and complete any alcohol, drug, or mental health evaluation, counseling, or treatment as directed by drug court." Cox admitted during his testimony that he was terminated from the residential treatment program at Touchstone and, in his letters, he admitted to threatening language as well as threatening and aggressive behaviors while at Touchstone. Additionally, during closing arguments, defense counsel admitted that "Cox [conceded] that he [was] unsatisfactorily discharged from treatment." Thus, Cox's testimony, defense counsel's admission, and Cox's own letters admitted into evidence, establish by a preponderance of the evidence that Cox violated drug court bond condition no. 19 by being unsatisfactorily discharged from inpatient treatment at Touchstone.

Second, Cox claims that the district court erred in finding that termination from drug court was an appropriate sanction in this case. However, by signing the drug court bond, Cox acknowledged that if he was alleged to have violated any of the drug bond conditions, he "can be immediately remanded to the custody of the Lancaster County Department of Corrections by any drug court or law enforcement officer, my bond can be revoked, and/or I can be terminated from drug court and sentenced on the charges to which I entered pleas." Additionally, Cox was warned on numerous occasions that if his inappropriate behavior continued at Touchstone, he would be unsatisfactorily discharged from Touchstone and likely terminated from drug court. Further, although Cox argues that after being discharged from Touchstone, his treatment recommendation was changed to a long-term outpatient mental health treatment, this was due to Cox's negative behaviors and impact on other individuals in treatment leading to a determination that Cox was not a fit for a residential treatment setting, not due to any improvements in his assessments. McClatchey testified if a drug court participant is terminated from treatment, they are nearly always terminated from drug court although there have been "some exceptions." Here, although the district court was aware of the option of having Cox participate in long-term outpatient mental health treatment, the court determined that the appropriate remedy in this case was to terminate Cox from the drug court program. We find that the district court did not abuse its discretion in so finding.

### 3. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, Cox assigns that trial counsel, who was different from appellate counsel, provided ineffective assistance. Specifically, Cox contends that his trial counsel was ineffective in (a) failing to object to hearsay testimony and evidence and in failing to make any foundational objections, (b) "fail[ing] to subpoena or otherwise call to testify adverse witnesses with personal knowledge of the evidence, upon which the termination was based, in order for them to be cross-examined thereby denying [him] the right to confront and cross-examine witnesses against him," and (c) failing to file a motion to withdraw plea as requested by Cox. Brief for appellant at 4.

Where, as here, appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *Id*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved on direct appeal. *State v. Lowman*, 308 Neb. 482, 954 N.W.2d 905 (2021). The determining factor is whether the record is sufficient to adequately review the question. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

## (a) Failure to Object

Cox contends that his trial counsel was ineffective for failing to object to hearsay testimony and evidence and in failing to make any foundational objections. In his brief, Cox clarifies that his trial counsel was ineffective for failing to pose foundational and hearsay objections to exhibits 1 and 2.

In *State v. Seaman*, 28 Neb. App. 667, 678-79, 947 N.W.2d 589, 598-99 (2020), this court stated:

> In *State v. Shambley*, 281 Neb. 317, 795 N.W.2d 884 (2011), the Nebraska Supreme Court concluded that the hearing held in that case did not comport with the minimum due process standards to which drug court participants are entitled. There, the defendant's termination from the program was based on hearsay documents--a letter from the drug court coordinator with various attachments--the foundation and reliability of which were not established. The Supreme Court found this evidence insufficient to sustain the State's burden of proof. And, the court found that the State's failure to present testimony from any witnesses, whom the defendant could then cross-examine with respect to the statements found in the documents and the recommendation to terminate her from the program, violated the defendant's right to cross-examination. The court determined that despite the flexibility to consider hearsay, where there were no adverse witnesses and no finding of good cause to disallow cross-examination, the drug court denied the defendant that right and thus deprived her of her right to procedural due process. The court also determined that the State failed to meet its burden of proving the violations, noting that "the *sole* reliance on hearsay evidence in parole and probation hearings, especially when no findings of substantial reliability are made, is generally considered a failure of proof." *Id.* at 334, 795 N.W.2d at 897 (emphasis in original). The court stated, "No lesser standard should be applied to drug court termination proceedings." *Id.* The court observed that even though the evidentiary rules are relaxed, it is inadvisable for a court to rely solely on unsubstantiated hearsay. See *id.*

But in contrast to the procedural irregularities in *Shambley*, here, the district court did not rely solely on unsubstantiated hearsay. At the sentencing hearing, both Cox and his drug court supervision officer testified. McClatchey testified that while Cox was at Touchstone, he was disruptive, aggressive, called people names, failed to follow rules including leaving designated areas, and failed to take responsibility. Although Cox was warned that he would be terminated from Touchstone if those behaviors continued, he continued to exhibit negative behaviors and was discharged from Touchstone. Cox's termination from Touchstone resulted in McClatchey and the drug court coordinator filing a drug court violation in Cox's case. The drug court violation alleged that Cox violated condition number 19 which provided that he would satisfactorily attend and complete an alcohol or drug treatment as directed. In addition to McClatchey's testimony, in letters written by Cox which were admitted into evidence, Cox admitted to using threatening language and exhibited threatening and aggressive behaviors while at Touchstone. Additionally, during closing arguments, defense counsel admitted that "Cox [conceded] that he [was] unsatisfactorily discharged from treatment." McClatchey also noted in her testimony that although Cox had been

given the opportunity to see the medication provider for a medication assessment while at the residential inpatient treatment facility, he declined to do so. As demonstrated, the district court had substantial evidence, which was not hearsay, upon which to base its decision. Further, we also note that the Lancaster County Drug Court's Termination Policy provides that "[t]he rules of evidence are not to apply to either phase of the hearing." Policy No. 01.19.005.ADC § II(E)(2).

Because the rules of evidence did not apply to this proceeding and because there was substantial evidence, including but not limited to, McClatchey's direct nonhearsay testimony and Cox's admissions which supported the court's determinations here, we find the record is sufficient to adequately review this allegation of ineffective assistance of counsel and find Cox's claim lacks merit because his counsel was not ineffective in failing to object when the rules of evidence did not apply, and because there was no prejudice to Cox based upon the direct, nonhearsay testimony adduced during the hearing. Defense counsel is not ineffective for failing to raise an argument that has no merit. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019). This claim is without merit and is not preserved for later review.

### (b) Failure to Call Adverse Witness

Cox next contends that trial counsel was ineffective in "fail[ing] to subpoena or otherwise call to testify adverse witnesses with personal knowledge of the evidence, upon which the termination was based, in order for them to be cross-examined thereby denying [him] the right to confront and cross-examine witnesses against him." Brief for appellant at 4. In his brief, Cox claimed that his "revocation and ultimate termination from drug court was entirely based on the fact that he was unsuccessfully discharged from residential treatment and yet, trial counsel did not call to testify the one person with most first-hand knowledge of this, [Cox's] therapist." Brief for appellant at 19. Cox further argues that his

> own testimony contradicts some of the testimony of the drug court supervisor, as well as some of the information reported in exhibits 1-3, calling into question said evidence. Had trial counsel called the therapist to testify, many of these contentions could have been resolved and [Cox's] revocation and termination from drug court would not have been based primarily on unsubstantiated hearsay testimony.

Brief for appellant at 19.

However, as we already found earlier in this opinion, Cox's termination from drug court was not based solely on unsubstantiated hearsay--in fact, in letters written by Cox himself, he admitted to making "poor decisions" at the inpatient treatment facility and admitted to treating drug court staff and peers with "disrespect." Further, although Cox alleges that his trial counsel should have called his residential treatment therapist as a witness, Cox does not identify what the therapist would have testified to that would have assisted his cause. This claim is not raised with sufficient particularity, and therefore, we will not address the merits of this claim and it is not preserved for later review. See *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019) (general allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise ineffective assistance claim on direct appeal and thereby preserve issue for later review).

(c) Failure to File Motion to Withdraw Pleas

Cox's final allegation is that trial counsel was ineffective for failing to file a motion to withdraw his pleas as requested by Cox. The record reflects that prior to entering his guilty pleas, Cox was warned by the district court that if he failed to successfully complete the drug court program, he would be sentenced according to the sentencing ranges that the court had previously explained. Cox acknowledged that he understood. Having been advised prior to his guilty plea that he would not be permitted to withdraw his pleas if he did not successfully complete the drug court program, any motion by defense counsel to withdraw Cox's pleas would have been denied by the district court. Defense counsel is not ineffective for failing to raise an argument that has no merit. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019). This argument fails and is not preserved.

## VI. CONCLUSION

Having considered and rejected Cox's assigned errors and having found that none of Cox's claims of ineffective assistance of trial counsel are preserved for later review, we affirm his convictions, his termination from drug court, and the sentences imposed upon his termination from drug court.

AFFIRMED.